## PHELPS, Administrator, *v.* FUNKHOUSER.

(January Term, 1866.)

1. BOND FOR COSTS — *where the plaintiff sues in a fiduciary capacity.* The statute which makes it the duty of the court to require any plaintiff who is unable to pay the costs of suit to give security for their payment, applies as well where the plaintiff sues in a fiduciary capacity, as where he sues in his own right.

2. So where a writ of error was sued out by an administrator, and it appeared that the estate of the intestate was utterly insolvent, a rule was entered requiring the plaintiff to show cause why he should not give security for costs.

3. INSUFFICIENT ABSTRACTS — *rights of the defendant in error.* A defendant in error has the right to file a sufficient abstract of the record in the cause, in case the plaintiff has neglected to do so.

4. SAME — *costs in respect thereto.* Where the defendant in error deems the abstract filed by the plaintiff insufficient, and files an additional abstract, the court will, upon examining the case, determine upon the necessity of the additional abstract, and award the costs accordingly.

5. SUBMISSION *upon abstracts and briefs "to be filed."* When a case is submitted upon abstracts and briefs "to be filed," they must be filed within such time that the case can be disposed of when it is reached in conference, during

the term. When a definite time is intended to be allowed, it is so expressed in the order of submission.

6. JOINDER IN ERROR — *when not necessary.* Where both parties submit a cause for decision, without a joinder in error, it is not important that there should be such joinder.

7. SETTING ASIDE SUBMISSION — *joinder in error.* But if the defendant desires, in such case, to join in error, he may do so without the submission being set aside.

THIS was a writ of error sued out by William Phelps, as administrator of the estate of Edward Stapleford, deceased, against Robert M. Funkhouser, to reverse a decree rendered in the Circuit Court of Fulton county.

At the return term of the process from this court, the defendant in error entered his motion for a rule upon the plaintiff in error to give security for costs in this cause, and in support of that motion the following affidavit was filed:

"S. O. Judd, being sworn, says that he is one of the attorneys for defendant in error, and that the estate of Edward Stapleford, deceased, is utterly insolvent, as deponent is informed and verily believes."

Messrs. JUDD & JAMES, for the motion, cited Rev. Stat. 1845, 126, § 2.

Per CURIAM: It is provided in the second section of chapter twenty-six of the Revised Statutes, entitled "Costs," that "if in any case the court shall be satisfied that any plaintiff is unable to pay the costs of suit, it shall be the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintff, on or before a day in such rule named, to give security for the payment of costs in such suit." We see nothing in this case to distinguish it from one in which the plaintiff sues in his own right. The statute applies as well where the plaintiff sues in a fiduciary capacity, as where he is endeavoring to enforce his own individual rights. A rule will be entered requiring the plaintiff in error to show cause why he should not give security for costs.

*Rule nisi.*

Phelps, Administrator, *v.* Funkhouser.

In the same case, Mr. JUDD, for the defendant in error, suggested to the court that the abstract of the record prepared by the plaintiff in error was insufficient, and asked leave to present one more full and complete.

Per CURIAM: The defendant in error has the right, under the eleventh rule of this court, to file a sufficient abstract in case the plaintiff has neglected to do so. When we come to examine the case we will determine upon the necessity of the defendant filing an additional abstract, and award the costs accordingly.

The cause was submitted to the court for decision upon abstracts and briefs "*to be filed.*" Counsel inquired within what time the abstracts and briefs should be filed.

Per CURIAM: When a case is submitted upon abstracts and briefs "to be filed," they must be filed within such time that the case can be disposed of when we reach it in conference, during the term. When a definite time is intended to be allowed, it is so expressed in the order of submission.

The plaintiff in error suggested that the cause had been submitted by both parties without there being a joinder in error, and asked that the order of submission be set aside, and the defendant be allowed to join in error.

Per CURIAM: Both parties having submitted the cause for decision without a joinder in error, it is not important that there should be a joinder. But the defendant may join in error, if he desires to do so, without the submission being set aside.