DAVID CLARK ET AL.

v.

D. S. MORGAN.

</div>

1.   GUARANTY.—The engagement of a guarantor is strictly an individual contract, and not an engagement jointly with his principal, and while several guarantors may be sued jointly, a guarantor and his principal can not be so joined as defendants.

2.   ATTORNEY'S FEES.—The judgment is also erroneous in this case, because it includes $40 for attorney's fees.

ERROR to the Circuit Court of Lawrence county; the Hon. WILLIAM C. JONES, Judge, presiding.   Opinion filed October 10, 1883.

Messrs. BELL & GREEN, for plaintiffs in error; that a guarantor can not be sued jointly with his principal, cited Baylies on Sureties and Guarantors, 389; McMillan v. Bull's Head Bk. 32 Ind. 11; Cent. S. Bk. v. Shine, 48 Mo. 456; Griffin v. Grundy Co. 10 Ia. 226.

In this case the attorney's fee did not become due until the

note was collected by suit, and should not have been allowed: Nickerson v. Babcock, 29 Ill. 497; Easter v. Boyd, 79 Ill. 325.

As to entry of judgment: Martin v. Barnhardt, 39 Ill. 9; Faulk v. Kellums, 54 Ill. 188.

Messrs. WILSON & HUTCHINSON, for defendant in error; that a party can not take his chances of a trial on the merits, and afterward, when he finds himself defeated, bring forward matters that could have been pleaded in abatement, cited Parr v. Van Horn, 38 Ill. 226; Sparling v. Marks, 86 Ill. 125; Irish v. Sharp, 89 Ill. 261; Krebaum v. Cordell, 63 Ill. 23; Dorr v. Waldron, 62 Ill. 222; Ind. & St. L. R. R. Co. v. Estes, 96 Ill. 470; Driggers v. Bell, 94 Ill. 223.

There is no ground for a distinction between a surety and so called guarantor where the written "guaranty" merely specifies the same agreement that a surety assumes: Brandt on Suretyship and Guaranty, § 115; Stage v. Olds, 12 Ohio, 156; Leonard v. Swetzer, 16 Ohio, 1; Soles v. Van Arman, 18 Ohio, 336; Prasser v. Laqueer, 4 Hill, N. Y. 420; Camden v. McKoy, 3 Scam. 445.

WALL, P. J.   The defendant in error obtained a judgment in an action of assumpsit against the plaintiff in error for $475.70 and costs, upon a promissory note given by Clark upon which Baird and Lewis executed a written contract of guaranty.   The judgment was against the maker and guarantors jointly.

A guaranty is defined as a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who in the first instance is liable. 3 Kent's Com. 121.

The engagement of a guarantor is strictly an individual contract and not an engagement jointly with his principal, and while several guarantors may be sued jointly, a guarantor and his principal can not be so joined as defendants.   Baylies on Sureties and Guarantors, 389.

This is no doubt a well settled rule, but it is urged that the contract in question rendered the parties liable as sureties

merely, and not as guarantors. We can not agree with this view.

The undertaking was clearly that of guaranty, and while it is probable the parties to it might have been as willing to sign the note as sureties making themselves jointly liable with the principal debtor, yet this was not done, and we have no power to change the contract for them.

It is also objected that the judgment is erroneous because it includes the sum of $40 for attorney's fees, and upon the authority of Nickerson v. Babcock, 29 Ill. 497, and Easter v. Boyd, 79 Ill. 325, we think the objection well taken.

The judgment is reversed and cause remanded.

<div align="right">Reversed and remanded.</div>