## HENRY G. ABBOTT
### v.
## JOHN B. BROWN.

*Guaranty of Note—Construction—Expenses Assumed—Practice.*

1. A surety can only be charged within the very terms of his contract.

2. The guarantor of a promissory note is not regarded in this State as a joint maker.

3. In the case presented, the expenses assumed by the guarantor were only such as might be incurred in compelling the maker to perform the contract contained in the note. They do not include the expenses incurred in prosecuting the suit upon the guaranty.

4. In an action on a guaranty, the entire claim of the plaintiff must be presented.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellant.

Appellant is entitled to recover from appellee the costs, expenses and attorney's fees paid and incurred by him in the court below and on the appeals, in the suit against appellee on the guaranty.

Under the terms of the guaranty, appellee undertook that he would see that the debt evidenced by the note was paid by Newell or himself. While his obligation might be secondary as to the person to pay, yet, as to the fact of payment, there was nothing secondary about it. The liability of appellee to

pay the debt evidenced by the note was a primary liability. Dickerson v. Derrickson, 39 Ill. 574, 577; Heaton v. Hulbert, 3 Scam. 489, 490; Voltz v. Harris, 40 Ill. 155, 159; Gridley v. Capen, 72 Ill. 11; Gage v. Mech. Nat. Bk., 79 Ill. 62, 64; Dunnigan v. Stevens, 122 Ill. 396, 403; Luqueer v. Prosser, 4 Hill, 420, 423; Ketchell v. Burns, 24 Wend. 456; Allen v. Rightmere, 20 Johns. 365; Breedy v. Hillhouse, 7 Conn. 523, 528; Boyd v. Moyle, 52 E. C. L. 644, 652.

Although appellee was in form a guarantor, yet, in fact, his undertaking was not a collateral undertaking, but was an original and primary undertaking to pay a certain sum on a certain day; and the consideration for that undertaking moved directly to himself from appellant. 1 Edwards' Bills and Notes, Secs. 315, 325; Luqueer v. Prosser, *supra;* Dunnigan v. Stevens, *supra.*

The words "I guarantee," in the connection in which they are used, are equivalent to "I promise." Luqueer v. Prosser, 1 Hill. 256, 258; Thayer v. Wild, 107 Mass. 449, 452.

" The contract of guaranty sued upon is, in substance and in legal effect, a promissory note." Luqueer v. Prosser, 1 Hill. 256; aff'd, 4 Hill. 420, 423; Ketchell v. Burns, 24 Wend. 456; Manrow v. Durham, 3 Hill. 584; 585; aff'd, 2 N. Y. 533, 543, Burnham v. Gallentine, 11 Ind. 295, 298; Dunnigan v. Stevens, 122 Ill. 396, 403.

A guaranty should be construed most strongly against the guarantor, on the ground that the words of an instrument are to be taken most strongly against the party using them. Mason v. Pritchard, 12 East, 227; Mayer v. Isaac, 6 M. & W. 605, 612; Drummond v. Preston, 12 Wheat. 515, 518; Smeltzer v. White, 92 U. S. 390, 392; Fell on Guaranty (3 Am. Ed.) 130–132.

Messrs. OSBORN & LYNDE, for appellee.

The decisions of the courts of this State clearly recognize that the contract of guaranty is distinct and separate from the contract guaranteed and collateral to it, giving rise to a separate cause of action. Heaton v. Hulbert, 3 Scam. 491; Rich v. Hathaway, 18 Scam. 549; Hance v. Miller, 21 Ill. 636; Dick-

erson v. Derrickson, 39 Ill. 576; Croskey v. Skinner, 44 Ill. 322; Harwood v. Kiersted, 20 Ill. 373; Sea v. Glover, 1 Ill. App. 338, 339; Clark v. Morgan, 13 Ill. 597.

The cause of action that arises upon breach of a contract of guaranty is separate and distinct from the cause of action that exists against the principal debtor. Dickerson v. Derrickson, 39 Ill. 577; Sea v. Glover, 1 Ill. App. 338, 339; Clark v. Morgan, 13 Ill. App. 597; Pool v. Roberts, 19 Ill. App. 438.

The liability of the guarantor depends entirely upon the terms of his agreement, which are strictly construed: " A guarantor is not liable beyond the express terms of his undertaking." Hance v. Miller, 21 Ill. 636; Newlan v. Harrington, 24 Ill. 207; Croskey v. Skinner, 44 Ill. 322.

The agreement in the case at bar was to pay costs, etc., paid or incurred in collecting the note ; the only suit brought was on the guaranty; and the only costs and attorney's fees that were paid and incurred were in this action on the guaranty. The liability of the maker, Newell, on the note, and that of Brown on the guaranty, were as separate and distinct as their contracts. To enforce the former, suit should be brought on the note; to enforce the latter, on the guaranty. An agreement to pay attorney's fees incurred in the one suit does not include attorney's fees incurred in the other suit.

GARY, J. The appellant sued the appellee upon a guaranty, as follows :

"For value received I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at ten per cent. per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same, including attorney's fees.

"J. B. BROWN."

And the note was :

"CHICAGO, ILL., July 1, 1876.

" One day after date I promise to pay to the order of H. G. Abbott two thousand dollars, with interest at the rate of ten per cent. per annum, at First National Bank of Chicago, value received.

"KIRK B. NEWELL."

That note was never collected, though before any suit was commenced on this guaranty the appellant had incurred expense in endeavoring, or watching an opportunity, to collect it.

July 3, 1882, appellant sued appellee upon this guaranty, prosecuted the case through the Circuit, this and the Supreme Courts, and at last got the principal and interest of the note itself, presumably with the taxable costs. His claim now is that the guaranty requires the appellee to pay, in this suit, the expenses both of the unsuccessful efforts to collect the note and the successful suit upon the guaranty. As to those first named expenses, if they were a proper charge against the appellee upon the guaranty, for which there is hardly a plausible pretext, they should have been included in the former suit. All the claim the appellant then had upon the guaranty constituted but one cause of action, and could not be split up. Clayes v. White, 83 Ill. 540; Nickerson v. Rockwell, 90 Ill. 460.

As to the expenses of prosecuting the former suit upon this guaranty, it is only by a forced and unnatural construction that they can be held to be within the guaranty. The antecedent of the word "same" in the guaranty is the phrase "the within note," so that the guaranty has the same meaning as if those words were inserted in place of the word "same," making the reading, "agree to pay all costs and expenses paid or incurred in collecting the within note." The guaranty and the note are separate contracts, and though the payment of either would, as to the holder, extinguish his claim upon the other, this consequence has no effect upon their separate identity. "A surety can only be charged where the case is brought within the very terms of his contract." National Bank v. Diefendorf, 90 Ill. 396; Brandt on Sur. & Guar., Sec. 79 *et seq.*

"The liability of the guarantor depends entirely on the terms of the contract of guaranty." Croskey v. Skinner, 44 Ill. 321. And a written guaranty is governed by the general rule that a contract in writing can not be varied by parol evidence. Abrams v. Pomeroy, 13 Ill. 133.

· The cases cited from the reports of other States, holding that a guarantor of a note is a joint maker, whatever may be their application to this case, are not in accordance with the settled rule here. Clark v. Morgan, 13 Ill. App. 597.

It is true that the ultimate effect of the guaranty was an undertaking that the debt should be paid, but the form of that undertaking is, that the maker of the note would pay it. The contract is elliptical. The words " by the maker thereof " are implied, as if written in after the word "note," and the expenses assumed are such as might be incurred in compelling him to perform his contract contained in the note itself.

The Circuit Court was right in so holding, and the judgment is affirmed.

*Judgment affirmed.*