HENRY G. ABBOTT

*v.*

JOHN B. BROWN.

*Filed at Ottawa November 26, 1889.*

1. GUARANTY—*several liability of guarantor—as distinct from that of the principal.* The guarantor of the payment of a promissory note is not jointly liable with the maker of the note. In such case, the note and guaranty are separate and distinct contracts, and the guarantor is not liable until the failure of the maker of the note to pay the same at its maturity.

2. SAME—*a guaranty construed—whether including costs and attorney's fees.* A written guaranty indorsed upon a promissory note was as follows: "For value received, I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at ten per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same, including attorney's fees:" *Held,* this did not render the guarantor liable for costs and expenses, including attorney's fees, in a suit upon the guaranty. It embraced only the costs and expenses in an action against the maker upon the note.

3. SPLITTING CAUSE OF ACTION—*as to entire liability upon a guaranty.* If the guarantor of a promissory note is liable, under his contract, for the payment of attorney's fees, such charge should be included in the action on the contract of guaranty, and if not so included, no separate action will lie therefor. The judgment in the suit upon the guaranty will be a bar to a suit for the attorney's fees.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for the appellant:

The former suit on the guaranty was a suit to collect the note, within the terms of appellee's agreement to pay all expenses in collecting the note.

Although appellee was in form a guarantor, yet in fact his undertaking was not a collateral undertaking, but was an

original and primary undertaking to pay a certain sum on a certain day, in case Newell did not pay it, and the consideration for that undertaking moved directly to himself from appellant. 1 Edwards on Bills and Notes, secs. 315, 325; *Luqueer* v. *Prosser*, 4 Hill, 420; 1 id. 256; *Dunnigan* v. *Stevens*, 122 Ill. 396.

The words "I guarantee," in the connection in which they are used, are equivalent to "I promise." *Luqueer* v. *Prosser*, 1 Hill, 256; *Thayer* v. *Wild*, 107 Mass. 449.

The promise which the law implied from appellee's agreement was as much a part of the agreement as if the same had been written therein in express terms.

The contract of guaranty sued upon is, in substance and legal effect, a promissory note. *Luqueer* v. *Prosser*, 1 Hill, 256; 4 id. 420; *Ketchell* v. *Burns*, 24 Wend. 456; *Manrow* v. *Durham*, 3 Hill, 584; 2 N. Y. 533; *Burnham* v. *Gallentine*, 11 Ind. 295; *Dunnigan* v. *Stevens*, 122 Ill. 396.

The guaranty lacked nothing of being a complete instrument in itself, except a specification of the amount to be paid and the time of payment; and in both of those particulars it was rendered certain by a reference to another writing on the other side of the same piece of paper. *Miller* v. *Gaston*, 2 Hill, 188; *Curtis* v. *Brown*, 2 Barb. 51; 1 Randolph on Com. Paper, sec. 87.

Under the terms of the guaranty, appellee undertook that he would see that the sum of money named in the note was paid to appellant by Newell or himself. While his obligation might be secondary as to the person to pay, yet as to the liability for payment there was nothing secondary about it. The liability of appellee to pay the money named in the note was a primary liability. *Dickerson* v. *Derrickson*, 39 Ill. 574; *Heaton* v. *Hulbert*, 3 Scam. 489; *Voltz* v. *Harris*, 40 Ill. 155; *Gridley* v. *Capen*, 72 id. 11; *Gage* v. *National Bank*, 79 id. 62; *Dunnigan* v. *Stevens*, 122 id. 396; *Luqueer* v. *Prosser*, 4 Hill, 420; 1 id. 256; *Ketchell* v. *Burns*, 24 Wend. 456; *Allen* v.

*Rightmere,* 20 Johns. 365; *Breedy* v. *Hillhouse,* 7 Conn. 523; *Boyd* v. *Moyle,* 52 E. C. L. 644.

The judgment in the former suit is no bar to the right to recover the expenses and attorney's fees incurred in that proceeding.

In the suit on the guaranty, appellant could not recover the expenses and attorney's fees incurred by him in that suit. The contingency under which they could be recovered did not arise until that suit had been instituted *Easter* v. *Boyd,* 79 Ill. 325; *Nickerson* v. *Babcock,* 29 id. 497; *Byers* v. *National Bank,* 85 id. 423; *Clark* v. *Morgan,* 13 Ill. App. 597.

A judgment for the plaintiff, in an action for one year's interest due on a note payable "in one year, with interest annually," is no merger of the principal debt, although already due. "Being a promise to pay the debt at one time, and, contingently, to pay the interest at another or some other times, it must be construed as containing distinct promises, giving several causes of action; and these being several in their origin, no subsequent event can make them one and entire." *Sparhawk* v. *Wills,* 6 Gray, 163; *Savings Bank* v. *Adams,* 1 Allen, 28; *Dulaney* v. *Payne,* 101 Ill. 325; *Wehrly* v. *Morfoot,* 103 id. 183; *McDole* v. *McDole,* 106 id. 452; *Kurz* v. *Suppiger,* 18 Bradw. 630.

Messrs. OSBORNE & LYNDE, for the appellee:

The guaranty only covers costs, expenses and attorney's fees paid or incurred in a suit on the note, and does not include costs, expenses and attorney's fees paid or incurred in a suit against the guarantor on the guaranty.

The decisions of the courts of this State clearly recognize that the contract of guaranty is distinct and separate from the contract guaranteed, and collateral to it, giving rise to a separate cause of action. *Heaton* v. *Hulbert,* 3 Scam. 491; *Rich* v. *Hathaway,* 18 Ill. 549; *Hance* v. *Miller,* 21 id. 636; *Dickerson* v. *Derrickson,* 39 id. 576; *Croskey* v. *Skinner,* 44 id.

322; *Harwood* v. *Kiersted*, 20 id. 373; *Sea* v. *Glover*, 1 Bradw. 338; *Clark* v. *Morgan*, 13 id. 597.

The cause of action that arises upon the breach of a contract of guaranty is separate and distinct from the cause of action that exists against the principal debtor.   *Dickerson* v. *Derrickson*, 39 Ill. 577; *Sea* v. *Glover*, 1 Bradw. 338; *Pool* v. *Roberts*, 19 id. 438; *Clark* v. *Morgan*, 13 id. 597.

The liability of the guarantor depends entirely upon the terms of his agreement, which are strictly construed.   "A guarantor is not liable beyond the express terms of his undertaking."   *Hance* v. *Miller*, 21 Ill. 636; *Newton* v. *Harrington*, 24 id. 107; *Croskey* v. *Skinner*, 44 id. 322.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the first day of July, 1876, Kirk B. Newell, being indebted to H. G. Abbott, the appellant, executed his promissory note, as follows:

"CHICAGO, ILL., *July 1, 1876.*

"One day after date, I promise to pay to the order of H. G. Abbott two thousand dollars, with interest at the rate of ten per cent per annum, at First National Bank of Chicago.   Value received.              KIRK B. NEWELL."

Indorsed on the back of the note was the following guaranty:

"For value received, I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at ten per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same, including attorney's fees.              J. B. BROWN."

This action was brought by H. G. Abbott, against Brown, to recover certain costs and attorney's fees which he paid out and expended in the collection of the amount named in the note, in an action against Brown on his guaranty.

The costs and attorney's fees which the plaintiff sought to recover in this action were not expended in attempting to collect the note which was executed by Kirk B. Newell. No suit was ever brought on the note against the maker, nor was any evidence offered to prove that any costs or expenses were ever incurred in an attempt to collect the note. But on the trial of the cause, Abbott, who is the appellant here, put in evidence showing that on July 3, 1882, he brought an action in assumpsit against Brown "on the guaranty signed by him, indorsed on the note, whereby he guaranteed payment of the note," in which he recovered judgment for the amount due on the note, $3338.34; that an appeal was taken by Brown to the Appellate Court, and to the Supreme Court from the judgment of the Appellate Court affirming the judgment of the circuit court, and that upon the affirmance thereof by the Supreme Court, Brown paid appellant the amount of the judgment; that the firm of which witness was a member was employed as attorneys to conduct this action, and rendered services therein of the value of $1500, and they had been paid that sum by appellant for said services; and also, in the prosecution of this action, appellant expended, for printing and other necessary expenses, the sum of $26. On this evidence the circuit court held, as a matter of law, "that the guaranty on which this suit was brought is not an agreement to pay the costs or expenses or attorney's fees paid or incurred in a suit against Brown upon said guaranty," and rendered judgment for the defendant.

There is no ambiguity in the contract of guaranty executed by Brown. The terms of the contract are plain and easily understood. By the contract, Brown agreed that the note should be paid, with interest at ten per cent, and he also agreed to pay all costs and expenses incurred or paid, including attorney's fees, in collecting the note. Obviously, the meaning of the language used was, if costs and expenses and attorney's fees were incurred in the collection of the note and

interest from the maker, then such costs, expenses and attorney's fees should be paid by Brown.

If the contract of Newell, the maker of the note, and the contract of guaranty by Brown, were but one contract, the position of appellant, that the action on the guaranty was an action on the note, might be regarded more plausible; but such is not the case. Daniell on Negotiable Instruments (sec. 1752) defines a contract of guaranty as follows: "A guaranty is defined to be a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who is in the first instance liable to such payment or performance." Parsons on Contracts (vol. 2, p. 3,) says: "Guaranty is held to be the contract by which one person is bound to another for the due fulfillment of a promise or engagement of a third party." Story on Promissory Notes says: "A guaranty, in its legal and commercial sense, is an undertaking by one person to be answerable for the payment of some debt, or the due performance of some contract or duty, by another person, who himself remains liable to pay or perform the same." In *Dickerson* v. *Derrickson*, 39 Ill. 574, this court, in speaking of a guaranty, says: "The contract of an absolute guaranty is, that if the principal fails to pay, the guarantor will. If it were not so, it would not be a guaranty, but an independent undertaking." See, also, *Rich* v. *Hathaway*, 18 Ill. 548.

Here, Newell, as maker of the promissory note, agreed to pay a certain sum of money at a certain time. By his contract he became liable on the note, but Brown, as guarantor, was not liable with him. No joint liability existed. In Bayless on Sureties and Guaranties, 389, the author says: "In an action to enforce a contract of guaranty, the guarantor is the proper party defendant, and the principal debtor should not be joined. As has been shown, all the parties to a contract of suretyship may be joined as defendants; but a guarantor can not be sued with his principal, for his engagement is

strictly an individual contract, and not an engagement jointly with his principal." Here Brown's engagement as guarantor was his individual contract, under which he became bound to pay in case the maker of the note failed to do so. When the maker of the note failed to pay at maturity of the instrument, the guarantor then, and not before, became liable, on his contract of guaranty, to an action. The liability of the maker of the note and the guarantor were separate and distinct. To enforce the liability of the maker, an action should be brought on the note against him, while to enforce the liability of the guarantor, an action could only be brought on the contract of guaranty; and it seems plain that an agreement to pay costs and attorney's fees which might be incurred in one action, does not include costs and attorney's fees incurred in the other. Here, Brown, by the terms of his guaranty, bound himself to pay costs and expenses, including attorney's fees, which might be incurred in an action to collect the note; but he saw proper not to agree to pay such costs and expenses as might be incurred in an action brought on the contract of guaranty, and in the absence of such an agreement we are aware of no principle which would make him liable. Had a suit been brought on the note against the maker, under the contract of guaranty, Brown would have been liable for such costs and expenses, including attorney's fees, as might have been incurred in that action. But no such action was brought, and there has been no breach of his contract, so far as costs and expenses are concerned.

One other question remains to be considered. On the trial the appellant offered to show that he employed counsel to "watch Brown from 1878 to 1882, and the business operations in which he was engaged, to see when there was a reasonable prospect for collecting the note out of him;" also, that in April, May, June and July, 1882, his attorney had negotiations with Brown for the settlement of his liability on the guaranty, for which the services of counsel were worth $50, and which

sum appellant had paid.   As to those services, the Appellate
Court held, if they were a proper charge against appellee they
should have been included in the former suit.   We concur in
the view of the Appellate Court.   If any liability existed for
those services, as they had been rendered before appellee was
sued on the guaranty, they should have been embraced in that
action.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*