Steele v. Hill.

# William K. Steele
## v.
## Emily Hill.

*Bailments—Appeal—Nature of Action—Change in—Damages—Evidence.*

1.  Upon appeal from the judgment of a justice, the nature of the action is determined in the court to which the appeal is taken, by the evidence introduced at the trial, without any reference to what it may have been called in the justice court.

2.  If such case is tort, the amount of damages that may be recovered is limited to the amount of a justice's jurisdiction, and whatever the proof, the judgment must not exceed that amount.

3.   In an action brought to recover the value of certain articles claimed by the plaintiff to have been stored with defendant, she alleging his refusal to deliver the same to her, this court declines, the evidence being conflicting, to interfere with the verdict in her behalf.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. H. T. STEELE, for appellant.

Messrs. SEARS & ARND, for appellee.

*Per Curiam.* This action was brought to recover the value of certain articles which appellee claimed she had stored with appellant, and which she alleges he refused to deliver to her on demand.

An examination of the record discloses that there was a conflict of evidence on the material points in the case, but as the verdict is directly supported by the evidence introduced in behalf of appellee, the conflict must be held to have been settled by the jury in her favor.

The points made by appellant's counsel with reference to the instructions and the admission of evidence have received careful consideration, and we are of opinion that no material error was committed by the court in those respects. There is a slight fault in one of the instructions, but we are satisfied that it resulted in no injury to appellant, and we would not be warranted in setting aside the verdict therefor.

Appellant's complaint that the nature of the action was changed on the appeal, so that what was an action *ex con_tractu* before the justice, was tried as a tort in the Superior Court, and damages proved, which in amount exceeded the justice's jurisdiction, is without force. The nature of the action is determined in the court to which the appeal is taken, by the evidence introduced at the trial, without any reference to what the action may have been called in the justice court. Of course, if the case is tort, the amount of damages that

may be recovered is limited to no more than the amount of a justice's jurisdiction, and whatever the proof the judgment must not exceed that amount. The recovery in this case is $200.

We find no error in the record that authorizes a reversal of the judgment, and the same will therefore be affirmed.

*Judgment affirmed.*