398     APPELLATE COURTS OF ILLINOIS.

VOL. 39.]     E. St. L. Union Ry. Co. v. City of East St. Louis.

EAST ST. LOUIS UNION RAILWAY COMPANY

v.

CITY OF EAST ST. LOUIS.

*Municipal Corporations — Streets—Use of by Railroad Company—Instructions—Ordinance—Jurisdiction—Practice.*

1.  Failure to advise this court by assignment of error upon the record of the errors relied upon to reverse in a given case, will excuse it from a further consideration thereof.
2.  A municipality may revoke an ordinance granting a right of way though its streets, before the same has been accepted.
3.  Where the evidence in a given case is not preserved in the record, this court will assume that it authorized the findings.
4.  The specific finding of the truth of an allegation in a bill, not denied, but inferentially admitted, is not necessary to support a decree for complainant in a given case.
5.  This court declines, in view of the evidence, to interfere with a decree perpetually enjoining a railway company from building a railroad in or upon a certain street in a municipality named.

[Opinion filed February 2, 1891.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KOERNER & HORNER, for plaintiff in error.

Mr. CHARLES W. THOMAS, for defendant in error.

GREEN, J.   On December 14, 1883, defendant in error filed its bill for injunction in the City Court of East St. Louis, against plaintiff in error, and on December 19, 1883, a change of venue to the Circuit Court was ordered upon the application of the defendant, and on December 20, 1883, its answer was filed.   On the second Monday of the February term, 1884, the temporary injunction was dissolved on defendant's motion, and the cause was continued from term to term until the September term, 1884, when the cause was heard upon the

bill, answer, exhibits and testimony, and a decree was entered perpetually enjoining defendant, its servants, agents and successors, from building any railroad in or upon Front street, in the city of East St. Louis, or any part thereof, and from operating or maintaining any railroad therein. To reverse the decree this writ of error was sued out.

We are not advised by any assignment of error upon the record, of the errors relied upon to reverse and this omission would relieve us of the labor of examining the record further; but we would not be inclined to reverse for any of the reasons suggested in the printed argument of plaintiff in error had this omission been supplied.

The right to the relief prayed for and decreed, is based upon the allegations that the only grant of right of way to plaintiff in error, over, upon and along Front street, was the city ordinance, passed November 28, 1882, and that ordinance was the only one whereby any right of way was given to plaintiff in error upon any street of said city; and before said plaintiff in error had built or constructed any railroad or part of any railroad in said street, or had expended any money or other valuable thing upon the faith of and because of the passage of said ordinance, or acquired any vested right thereunder, the said ordinance was, on June 11, 1883, repealed; that said Front street was dedicated to said city prior to 1870 and was by it accepted, upon the condition that it should be forever kept open as a public highway for ordinary travel, and the building and operating of a railroad on said street by plaintiff in error would close said street as a public highway, within the meaning of the dedication, and render it entirely incapable of accommodating the great travel daily passing over it; that plaintiff in error, unless restrained and enjoined, would begin the construction of the railroad in said street, or do some act which would give it some vested rights under the repealed ordinance, and complete and operate its railroad as it threatens to do. The findings in the decree are, first, the general finding that the material allegations in the bill are true; and then specific findings upon each allegation thereof are set out in detail, whereby it is shown the court found each

of said allegations to be true, except that alleging the threatened completion and operating of the railroad by defendant, which is not denied by the answer.

It is contended on behalf of plaintiff in error that its right to construct and operate its railroad is fully recognized in the cases of Wiggins Ferry Co. v. E. St. Louis Union Ry. Co., 107 Ill. 450, and E. St. Louis Connecting Ry. Co. v. U. Ry. Co., 108 Ill. 271, and such right can not now be questioned by defendant in error. An examination of these cases satisfies us they do not support the contention. It is also contended that the city, by its ordinance, granted a right of way and was powerless to revoke it by the subsequent repealing ordinance, and among other authorities cited in support of this point is City of Quincy v. Bull, 106 Ill. 352. In this case the grant was accepted and money was expended, work was done and several miles of water-mains were laid down, all upon the faith of the accepted grant, before the city attempted to avoid its contract. In the case at bar, the bill alleges, and the court by its decree specifically finds, that before plaintiff in error had made any expenditure upon the faith of and because of the passage of the ordinance of November 28, 1882, and before it had acquired any vested rights thereunder, the same was repealed. The grant was not accepted by the corporation, hence the city had the right to revoke it. It is also urged as a 'ground for reversal, that the evidence is not preserved; that the decree has nothing to support it, except the recitals of findings and these are all on immaterial facts. The evidence introduced on the hearing is not before us and we must presume it was sufficient to authorize the findings. It appears by the recital in the decree that the cause was heard upon the bill, answer, exhibits and testimony, and being so heard and the court being thus fully advised, it finds generally, and also *specifically* as before stated. Its findings were responsive to the issues and found all the material facts necessary to maintain the bill in favor of the complainant, and we can not, in this state of the record, assume that anything appeared to the court to be a fact except that which so appeared from the evidence. Wheeler v. Wheeler, 18 Ill. 39; Moore et al. v. School

Trustees, 19 Ill. 82; Jones v. Neely, 72 Ill. 449; Durham v. Mulkey, 59 Ill. 91.

It is further insisted there is no evidence to support the material allegation that defendant " threatened to build its tracks and unless restrained would do so." This allegation was not denied by the answer, which sets up a right in defendant to build and operate its road on said street; hence the specific finding of the truth of an allegation, not denied but inferentially admitted, was not necessary to support the decree. That a court of equity has jurisdiction in this class of cases is settled, as we think, in Jacksonville v. Jacksonville R. R. Co., 67 Ill. 540, where a like injunction was decreed and was sustained by the Supreme Court. No sufficient reason to us appearing why the decree should be reversed, it is affirmed.

*Decree affirmed.*