## John M. Fischer and Catherine Fischer

## v.

## Frederick Spang.

*Contracts—Appellate Court Rules and Practice.*

1.   No joint liability exists upon separate individual contracts although for the same matter.

2.   Parties can not be sued jointly before a justice who can not be so sued in a court of record on the same cause of action.

3.   It can not be presumed that by permitting an action of assumpsit to be brought upon a sealed instrument, the legislature intended to make joint contractors of those who separately, part by deed and part by parol, had engaged for the same thing.

4.   It is the professional duty of counsel to know the condition of the records of the causes in which they are engaged, and if they by their conduct lead the court to assume a particular condition, and the court has acted upon that assumption, the court will not go back upon itself, unless justice requires it.

5.   If parties to a suit expressly or tacitly waive compliance with a rule of this court, it may in its discretion permit them to proceed upon the real merits of the controversy between them.

[Opinion filed December 7, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. Arthur Schroeder, for appellants.

Messrs. W. Heckman & J. G. Elsdon and Alfred Ryors, for appellee.

Gary, J.. This action was commenced before a justice. The appellants by pleas put their joint as well as separate liability in issue.   The appellee sued for carpenter work, etc., done under a written contract beginning and ending thus:

"Lake View, Ill., April 15, 1891.

" Contract between Frederick Spang, party of the first part,

and John Martin Fischer and Catherine Fischer (his wife), parties of the second part.   *   *   *

"In witness whereof we have ᵥhereunto set our hands and seals, the day and date above written.

"[Signed]     Fred Spang,          [Seal.]
                    John M. Fischer,      [Seal.]
                                              [Seal.]"

The record contains no evidence showing to whom the premises on which the work was done, belonged.   The reason why the wife did not sign the contract is disputed between the parties.

The second instruction for appellee was:   "The court instructs the jury that if they believe from the evidence, that Spang made a verbal agreement with defendant Catherine Fischer and a written agreement with the defendant John M. Fischer to do certain work, and that the premises where such work was to be done belonged to both of the defendants, and that Spang proceeded with such work and received from them money on account thereof, even though the jury should further believe from the evidence that Catherine Fischer did not sign or was not a party to the written agreement offered in evidence, still the jury should find the issues for the plaintiff and against both the defendants, provided the jury shall further believe, from the evidence, that there is a balance due to the plaintiff under such agreement."

If joint liability could follow joint ownership, as the instruction assumes, there is no proof of such joint ownership, and while probably no case can be found that does in terms decide (though it is assumed in Lee v. Nixon, 1 A. & E. 201, and Collins v. Prosser, B. & C. 682,) that there is no joint liability upon separate individual contracts, although for the same matter, upon principle it is so clear, that we do not hesitate to make one.

This action having been commenced before a justice, was in form whatever the evidence would fit.   Steele v. Hill, 35 Ill. App. 211; Block v. Blum, 33 Ill. App. 643.

But parties could not be sued jointly there, who could not be so sued in a court of record on the same cause of action.

For anything done under the contract under seal, signed by John M. Fischer, he could not, before a recent statute, be sued in assumpsit (1 Chitty on Plg., 103, 115); and if Catherine Fischer was liable on a verbal contract, she could be sued only in that form. It can not be supposed that by permitting an action of assumpsit to be brought upon a sealed instrument, the legislature intended to make joint contractors of those who had separately, part by deed and part by parol, engaged for the same thing.

It is by no means clear upon the evidence that the appellee ought to recover anything from anybody on the merits of the case.

For the error in the instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[*Upon rehearing, opinion filed March 19, 1892.*]

GARY, J. Without sufficiently considering the conduct of this cause, a rehearing was granted because no errors were assigned upon the record.

Such assignment is required by Rule 15, but there is no statute upon the subject. If the parties expressly or tacitly waive compliance with a rule of the court, there can be no doubt that the court, in its discretion, may permit them to proceed upon the real merits of the controversy between them. East St. Louis Union Ry. v. City of East St. Louis, 39 Ill. App. 398; and it may refuse, as in Waixel v. Harrison, 35 Ill. App. 571, which last case would have been followed in this, had we observed the failure to assign errors. But here the counsel of the appellants in his brief argued that specific errors were committed, and the counsel for the appellee in his brief argued that there was no error, and no allusion was made to, nor did the court observe, the lack of an assignment of errors.

Under the old practice in the Supreme Court a joinder in error was required, and if not put in, the appellant or plaintiff in error might have the judgment reversed or the cause heard

*ex parte,* at his election. Rule 17, 40 Ill. XIV. But if a cause was submitted by both parties without such joinder, it was waived. Phelps v. Funkhouser, 40 Ill. 27.

We now think that no rehearing should have been granted in this cause. It is the professional duty of counsel to know the condition of the records of the causes in which they are engaged, and if they by their conduct lead the court to assume a particular condition, and the court has acted upon that assumption, the court will not go back upon itself, unless the real justice of the case clearly requires such retreat.

We hold that the errors argued in the briefs are to be treated, under the circumstances, as substitute for assignments on the record, and the judgment is reversed and the cause remanded on the former opinion.

*Reversed and remanded.*