# The Columbian Hard Wood Lumber Company v. Langley et al.

1. PARTIES—*Promissory Notes—Maker and Guarantor.*—Parties can not be jointly sued on separate contracts. The guaranty and the note are separate contracts. The liability of the guarantor depends wholly on the terms of the contract of guaranty.

2. PARTIES—*Promissory Notes—Maker and Guarantor—Application of the Law.*—The company brought an action upon a promissory note, joining with the maker, two guarantors. *It was held,* that the contract of the maker of the note was entirely distinct from that of the guarantors, and although the guarantors were jointly liable on their contract of guaranty, and could have been sued in the first instance without having first sued the maker, it was error to join them in the same suit with the maker.

3. MISJOINDER OF PARTIES—*Pleadings.*—When the maker of a promissory note is joined with the guarantor as defendant it is not necessary that they should put in issue the question of their joint liability by a plea in abatement, or a verified plea in bar, as provided by section 36 of the practice act. The statute merely relieves the plaintiff from the common law burden of proving the defendant's joint liability, in the first instance, and leaves the defendants at liberty to disprove it without first denying it by plea; and where it affirmatively appears from the plaintiff's evidence, as from the note introduced in evidence in this case, that the defendants, who are sued jointly, are not jointly liable on the contract sued on, no recovery can be had.

4. MISJOINDER OF PARTIES—*Justices' Courts.*—Parties can not be sued jointly before a justice's court who can not be so sued in a court of record on the same cause of action.

5. MISJOINDER—*Recovery.*—In a joint action a recovery must be had against all or none of the defendants.

**Memorandum.**—Appeal from justice's court. In the Superior Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 6, 1893.

The opinion states the case.

EDWARD J. QUEENY, attorney for appellant.

No appearance for appellees.

Columbian Hard Wood Lumber Co. v. Langley.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The suit below was brought upon a promissory note, offered and read in evidence, as follows:

"$94.57.                            CHICAGO, January 13, 1892.

Fifteen days after date I promise to pay to the order of the Columbia Hard Wood Lumber Co. ninety-four and 57-100 dollars, at room 35, 94 Washington street, value received.

GEORGE W. REID."

(And on the back):
                    "W. B. LANGLEY,
                     N. WHITMAN."

The action was brought against the maker, Reid, and the guarantors, Langley and Whitman, jointly.    Parties can not be jointly sued on separate contracts.    "The guaranty and the note are separate contracts."    Abbott v. Brown, 30 Ill. App. 376.

The liability of the guarantor depends wholly on the terms of the contract of guaranty.    Croskey v. Skinner, 44 Ill. 321; Abbott v. Brown, *supra.*

The contract or undertaking of Reid, the maker of the note, was entirely distinct from that of the guarantors, and although the guarantors were jointly liable on their contract of guaranty, and could have been sued in the first instance without having first sued the maker, it was error to join them in the same suit with the maker.    Their liability as guarantors depended upon a different contract than the one entered into by the maker, and was subject to be defeated upon entirely different and distinct grounds than those available to the maker.    The engagement of a guarantor is strictly an individual contract and not an engagement jointly with his principal, and while several guarantors may be sued jointly, a guarantor and his principal can not be so joined as defendants.    Clark v. Morgan, 13 Brad. 597.

Neither was it necessary that the defendants should have put in issue the question of their joint liability by a plea in

abatement, or a verified plea in bar, as provided by section 36 of the practice act.

It has been repeatedly held that the statute merely relieves the plaintiff from the common law burden of proving the defendants' joint liability "in the first instance," and leaves the defendants at liberty to disprove it without first denying it by plea; and that if it affirmatively appears from the plaintiffs' evidence, as from the note introduced in evidence in this case, that the defendants, who are sued jointly, are not jointly liable on the contract sued on, no recovery can be had. Davison v. Hill, 1 Brad. 70; Garland v. Peeney, 1 Brad. 108; Rosenberg v. Barrett, 2 Brad. 386; Bensley v. Brockway, 27 Ill. App. 410; Fisher v. Spang, 43 Ill. App. 378.

Nor does it make any difference that the suit was begun before a justice of the peace. Parties can not be sued jointly who can not be so sued in a court of record on the same cause of action. The " action having been commenced before a justice, was in form, whatever the evidence would fit." Fisher v. Spang, *supra.*

The action being a joint one, a recovery must have been had against all or none of the defendants. Rosenberg v. Barrett, *supra;* Kingsland v. Koeppe, 137 Ill. 344.

Therefore, because the appellant could not maintain his suit against the appellees jointly, it is immaterial what errors were committed against him on the trial below. The judgment was right, irrespective of the alleged errors in the lower court.

The Appellate Court will not reverse a judgment because of erroneous processes in reaching it, where, if it had been the other way, a reversal upon appeal would have ensued. Davis v. Johnson, 41 Ill. App. 22.