64   641
166s   57

## S. S. Sleeper & Co. v. World's Fair Banquet Hall Co.

1. ATTACHMENT—*Auxiliary to the Action of Assumpsit.*—Proceedings by attachment, though original, are yet in legal effect only auxiliary to the action.

2. PLEADINGS—*Contracts and Promises.*—A declaration upon a contract containing promises of performance, and which fails to state to whom such promises were made, is insufficient.

3. PRACTICE—*Joint Actions.*—A joint action against two, can not be sustained upon separate contracts by each.

Assumpsit, on contracts. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

C. A. PARKS and McCARTNEY & GIDDINGS, attorneys for appellants.

MOSES, PAM & KENNEDY, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants are partners, and we follow the irregular practice of the parties here in using the firm name, instead of pursuing the course laid down by Chitty, 1 Ch. Pl. 230, Ed. 1888.

The appellants were plaintiffs, and sued the appellees by attachment. Much of the abstract and briefs is occupied with the proceedings at the circuit on the attachment, but which do not concern us on this appeal, because, the action itself being misconceived, no errors upon the attachment, which, though original, is yet in legal effect only auxiliary to the action of assumpsit, are now material. Columbian Hard Wood Lumber Co. v. Langley, 51 Ill. App. 100.

The action is against one John H. Morris and the Banquet Hall Company joined as defendants, and while the declaration undertakes to show contracts by each of the defendants with the plaintiffs, there is no hint of any contract by the defendants jointly.

The declaration sets out two written contracts with Morris, and alleges the payment to Morris by the plaintiffs of money thereunder; that Morris delivered the contracts and money to the Banquet Hall Company, which accepted the contracts and promised to perform them. To whom that promise was made the declaration does not state.

The case cited and those therein referred to are conclusive. See also 1 Ch. Pl. 34, Ed. 1828.

The plaintiffs withdrew all of their declarations except one special count, and to that the court rightly sustained a demurrer. The plaintiffs stood by the count, and final judgment was entered for the defendants, which is affirmed.