## The Capitol Food Company, Appellant, v. R. L. Smith et al., Appellees.

1. SURETYSHIP—*when liability of guarantor and principal not joint.* If the undertaking of the guarantor is to pay upon default of the principal, a joint liability is not created.

2. PRACTICE—*section 36 of Act construed.* A failure to file a plea denying joint liability does not prevent the interposition of such defense. The effect of the filing of such plea is to require proof of joint liability as a part of the plaintiff's case.

3. CONTRACTS—*when separate instruments not construed together.* If two separate and distinct papers are executed, each signed by a different party and each imposing a different obligation upon the parties executing them, the rule that where a contract is in several parts and all executed at the same time but one contract is made, has no application.

Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

LANE & COOPER and JETT & KINDER, for appellant.

JOHN L. DRYER, AMOS MILLER and L. V. HILL, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought to recover the price of certain horse food and medicine, claimed to have been sold to appellee Smith under terms of a written contract, entered into by the appellant and Smith, appellee.

The contract of sale is set out in full in the declaration and is signed only by appellant, and Smith, appellee.

The liability claimed against appellee Milner is that of a guarantor of the performance of the contract entered into by Smith.

The contract of guaranty by appellee, Milner, is in substance as follows: "In consideration of the foregoing contract as evidenced thereby and the payment of one dollar to the undersigned, we jointly, severally guarantee the performance by the said second party (Smith) of the contract under fulfillment by him of all his obligations and to pay to first party any and all damages sustained by them by reason of default of second party or refusal to keep his obligations, waiving notice of default of payment by (appellee) Smith."

The contract signed by Milner was an obligation undertaken by him alone. It was an agreement to pay upon default of Smith. A default by Smith was necessary before any liability accrued against Milner.

Appellant brought suit against appellees, Smith and Milner. There is no joint obligation of these parties upon the contract entered into by Smith and the contract of guaranty entered into by Milner; and there

could be no possibility of having a joint recovery upon these two contracts; their liabilities and obligations are separate and distinct. Clark et al. v. Morgan, 13 Ill. App. 598; Abbott v. Brown, 131 Ill. 108.

Appellant contends that because the appellees filed no plea denying joint liability in this case, that, therefore, they are estopped from taking advantage of that defense and insists that section 36 of the Practice Act, in force at the time this action was brought, is conclusive upon this question. That section provided that "in actions upon contracts expressed or implied, against two or more defendants, * * * whether the joint liability was alleged or not, proof of the joint liability of the defendants shall not *in the first instance*, be required to entitle the plaintiff to a judgment." This statute has been construed by the courts in numerous instances and the rule announced by Justice Scofield in the 53 Ill. App. in Martin v. Nelson, 518, is the true and correct rule, wherein it is said: "But it is insisted that under the practice act, proof of joint liability 'shall not be required to entitle plaintiff to judgment, unless the defendants shall file a plea verified by affidavit, denying the joint liability.' Inasmuch as no such plea was filed in this case, it is contended that the joint liability was conclusively admitted. We do not so construe the statute, which is to the effect that without the filing of such a plea, proof of joint liability shall not be required in the first instance; but we hold that notwithstanding this provision of the statute, if it affirmatively appears from the plaintiff's evidence, or is made to appear by the defendant's evidence, that there is no joint liability, the defendant may defeat the action under the general issue upon that ground without filing a plea under oath denying the joint liability."

This follows the doctrine announced by the Supreme Court in Lockridge v. Nuckolls, 25 Ill. 159.

Appellant insists further that these two contracts should be construed as one and ask us to apply the rule

where a written contract is in several parts and all executed at the same time, it is but one contract. That is the general rule applicable to papers executed at one time but where, as in this case, two separate and distinct papers are executed and each signed by different parties and each impose different obligations upon the parties executing them, the rule can have no application and does not apply.

It is unnecessary to determine the other objections raised by the appellant in this case for the reason that there can be no recovery in this action, as no joint liability existed against these defendants.

The judgment is, therefore, affirmed.

*Affirmed.*