### John H. McPike, Appellant, v. August J. Luer et al., Appellees.

1. CONTRACTS—*construction of provision as to compensation for machines to be manufactured.* Payment in cash for each machine as ordered by plaintiff from the manufactureer or the assignment by plaintiff to the manufacturer of the purchaser's order for each machine is required by a contract between plaintiff and a manufacturer for the manufacture of a specified number of machines at a specified price per machine, which provides that the manufacturer shall give the plaintiff a shipping date for each machine at the time an order is placed therefor, that plaintiff "shall either render payment in cash for each and every machine as ordered, or give an assignment of order, as security, for each and every machine as

ordered. Payment of each and every machine shall be made within forty-five days from date of acceptance" of each machine, and that unless the entire order is given to the manufacturer within fifteen months from date of the contract and paid for within forty-five days thereafter, the plaintiff should waive all claim to all the machines and the manufacturer should have the right to sell or dispose of them as he sees fit, and where plaintiff never paid cash or assigned any purchaser's orders to the manufacturer, the latter was not obliged to build them and was not in default for which plaintiff could recover as for breach, since the provision for payment within forty-five days after the acceptance of each machine relates to the time for payment on assigned orders and does not extend credit to plaintiff for that period after acceptance.

2. CONTRACTS—*joinder of contractor and guarantor of performance for breach of contract erroneous.* A contractor and one who guaranteed the performance of the contract cannot be joined as parties defendant in an action by the other party to the contract for breach of the contract by the contractor; and a judgment against plaintiff in such action will not be reversed for alleged error in the trial court.

Appeal by plaintiff from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

BURTON & BURTON, for appellant.

P. W. ZERWEKH, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

In an action of assumpsit, appellant sought to recover damages for an alleged breach of a written contract and the verdict and judgment were in favor of appellees. The main controversy between the parties depends upon the proper construction of their contract. For the sake of brevity and perspicuity, we set out only those provisions pertinent to the issues and transpose the fourth and fifth clauses.

"Contract agreement made and entered into this 18th day of October, A. D. 1919, by and between John H. McPike, party of the first part, and August J.

Luer, party of the second part, doing business under the style of 'Luer Mechanical Co.' both parties of Alton, Illinois, Witnesseth:

"1. Party of the second part hereby agrees to manufacture, paint, crate, and deliver f. o. b. Alton, Illinois, for the party of the first part, Twelve (12) 'Taping Machines' for the sum of Seven Hundred Fifty and 00/00 ($750.00) Dollars each, as hereinafter specified.

"5. It is agreed that the party of the second part shall give the party of the first part a shipping date for each machine at the time of the placing of each order. Such shipping date not to be later than thirty (30) days from the shipping date of the previous order.

"4. It is agreed that the party of the first part shall either render payment in cash for each and every machine as ordered, or give an assignment of order, as security, for each and every machine as ordered. Payment of each and every machine shall be made within forty-five (45) days from date of acceptance of each and every machine.

"9. It is agreed that in the event that orders for the entire said Twelve (12) Machines are not given to the party of the second part within fifteen (15) months from the date hereof and paid for within forty-five (45) days thereafter, that the party of the first part does waive and relinquish all claim to any and all of such machines, and does permit, sanction, and authorize party of the second part to sell or dispose of such machines in whatever manner, shape or form party of the second part sees fit.

"Witness our hands and seals the day and year first hereinbefore written.

(Signed) John H. McPike, party of the first part. August J. Luer, party of the second part. I, Herman Luer, guarantee that August J. Luer, party of the second part, will live up to his part of this contract.

Herman Luer."

It is evident that while August J. Luer agreed to build twelve machines he was only bound to do so in

case they were afterwards ordered by appellant in accordance with the terms of the contract. Appellant agreed that at the time he ordered the first machine he would give Luer the shipping date for the same and that the second and each succeeding order and shipping date should be furnished not later than thirty days from the shipping date of the previous order.

The controversy hinges more particularly upon the meaning of the fourth clause of the contract. Appellant contends that, under said clause, he was entitled to a credit of forty-five days on each machine from the date of his acceptance of the same. That would be true if the second sentence of said clause stood alone. On the other hand, if the first sentence stood alone it would conclusively appear that he agreed to pay cash for each machine when ordered or that he would assign to Luer, as security, the order he had obtained from the purchaser of the machine.

In the construction of the contracts, it must be presumed that the parties intended that some effect should be given to every word, phrase and sentence. It is not to be supposed that they indulged in the mere idle use of words without expecting or intending that some effect should be given to them. It is a familiar rule of construction that, if possible, all of the provisions of a contract should be reconciled and given effect. To adopt appellant's construction would be to declare the first sentence of clause four superfluous or meaningless.

We are of the opinion that the first sentence of clause four means just what it says, that is, that appellant would either pay cash for each machine when ordered or assign to Luer the order from the purchaser. The second sentence of said clause was evidently intended to fix definitely the time for payment in cases where orders were assigned as security. There is nothing in the ninth clause of the contract which indicates a contrary intention.

The third clause of the contract required Luer to provide and pay for all necessary drawings, tracings, blue prints and patterns for the manufacture of the machines and the same were to become the property of appellant upon the expiration or annulment of the contract. The ninth clause was evidently intended to limit the time within which appellant could order machines and to provide that in case he did not order all of the machines in accordance with the terms of the contract, Luer should have the right, if he saw fit, to manufacture and sell so many as were not ordered.

The evidence shows beyond question that appellant never paid cash or tendered an assignment of the purchaser's order to Luer at the time he ordered machines. That being true, Luer was under no obligation to build them and appellant was not entitled to recover. It is not material, therefore, whether the court committed error in its rulings on evidence and instructions.

There is another reason why appellant could not recover. He sued both the contractor and the guarantor. A guarantor and his principal cannot be joined as defendants. *Abbott v. Brown,* 131 Ill. 108; *Capitol Food Co. v. Smith,* 155 Ill. App. 123; *Columbian Hard Wood Lumber Co. v. Langley,* 51 Ill. App. 100. The action being a joint one, a recovery must have been had against both or none of appellees. Because appellant could not maintain his suit against appellees jointly, it is immaterial what errors were committed against him on the trial below. The judgment was right irrespective of the alleged errors in the lower court. This court will not reverse a judgment because of erroneous processes in reaching it, when, if it had been the other way, a reversal on appeal would have ensued. *Columbian Hard Wood Lumber Co. v. Langley, supra.* For the reasons aforesaid the judgment is affirmed.

*Affirmed.*