## HALSEY FINK *et al.*

*v.*

## NATHAN DISBROW.

1. JURISDICTION—*of the person by appearance.* Where the record of a case tried before a justice of the peace shows that a summons was issued and returned served, but not in what manner it was served, and that the defendants appeared and went into trial, the appearance will be sufficient to give the justice jurisdiction of the persons of the defendants, without regard to the fact whether the summons was served or not.

2. APPEAL—*no new summons required when appeal is perfected before justice of the peace.* Where an appeal is perfected before a justice of the peace, from a judgment rendered by him, the opposite party is bound to take notice of the fact, and follow the appeal to the circuit court, as the law does not require any new summons or notice to be served on him.

3. SAME—*defects in transcript, etc., does not affect the jurisdiction of circuit court.* Technical defects in an appeal bond, or in the justice's transcript, on an appeal from his judgment to the circuit court, will not prevent the latter court from taking jurisdiction of the appeal. The

party objecting should obtain a rule on the justice or party appealing, to remedy the defects.

4. JUDGMENT—*certainty as to defendants.* Where an appeal suit was docketed in the circuit court: *Nathan Disbrow* v. *Halsey Fink et al.*, and the verdict of the jury and the judgment of the court were against the defendants, without naming them, it was *held*, that the judgment was sufficiently certain, as the justice's transcript and the appeal bond in the case showed the names of all the defendants.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. GEORGE F. HARDING, for the plaintiffs in error.

Mr. FRANK CROSBY, and Mr. J. M. SOUTHWORTH, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 23d day of July, 1867, Nathan Disbrow commenced a suit against Halsey Fink, Marcus Fink, Will Thomas, and E. E. Thomas, before a justice of the peace of McHenry county. On the 3d day of August, a trial was had before a jury, and a verdict rendered "no cause of action."

On the 23d day of August, the plaintiff filed an appeal bond before the justice, which was approved. On the 11th of October, a transcript of the proceedings and the bond were filed by the justice with the clerk of the circuit court of McHenry county. And on the 28th day of March, 1868, being one of the days of the March term of the circuit court of McHenry county, the record shows the following proceedings:

NATHAN DISBROW *v.* HALSEY FINK *et al.*—Appeal.

And now comes the plaintiff, by marshal, and thereupon it is ordered that a jury be called, and there came a jury of twelve good and lawful men, who, being sworn to well and truly try the issue joined, and having heard the evidence, and arguments of counsel, and the instructions of the court, retire

78      FINK *et al.* *v.* DISBROW.      [Sept. T.

Opinion of the Court.

to consider upon their verdict, and afterward come into court and for verdict say that they find the defendant guilty, and assess the plaintiff's damages at the sum of $62.50. It is, therefore, ordered and considered by the court that the plaintiff have and recover of the defendants the sum of $62.50, his damages, so assessed as aforesaid. as also his costs and charges herein about this suit in his behalf expended, and that he have execution therefor.

The defendants bring the case to this court, and ask a reversal of the judgment; first, for the reason that the record fails to show that the justice of the peace had jurisdiction of the defendants.

The record shows that a summons issued, and that it was returned by the constable personally served. In what manner it was served is not shown. The transcript of the justice, however, shows that the parties appeared and answered. A *venire* was called for.

It also appears by the record that two of the defendants were sworn as witnesses in the case, and the verdict of the jury was, no cause of action against the *defendants.*

In view of all these facts, it can scarcely be seriously contended that the justice had not jurisdiction over the defendants. If they appeared and answered, as is shown by the transcript, it was immaterial whether they were served with summons or not.

It is, however, urged, by the defendants, that the circuit court had no jurisdiction to try the cause, because of alleged want of transcript and appeal bond.

It is shown that the plaintiff, within the time required by law, filed, with the justice who tried the cause, an appeal bond, which was approved by him. This bond and a transcript of the proceedings were transmitted by the justice to the circuit court.

It was the duty of the defendants, and they were bound in law, to take notice of the fact that the plaintiff had filed his

bond with the justice of the peace, and they were bound to follow the appeal to the circuit court. The law required no summons or notice to be served on them that an appeal had been taken. *Boyd* v. *Kocher,* 31 Ill. 297 ; *Allen* v. *City of Monmouth,* 37 Ill. 373.

If the transcript sent to the circuit court was not properly certified, or if there were any defects in the appeal bond, or other papers transmitted to the circuit court, the defendants in the circuit court, on motion, could have obtained a rule on plaintiff or the justice to supply proper papers.

But because of these technical defects in the papers the circuit court was not prevented from taking jurisdiction of the cause. It would be absurd to say that the appealing party should lose his rights, and the appellate court be ousted of jurisdiction on account of the negligence or ignorance of a justice of the peace in making out the necessary papers to be filed in the circuit court after an appeal has been taken.

Again, it is contended by the counsel for the defendants that the judgment should be reversed for uncertainty.

The cause is entitled *Nathan Disbrow* v. *Halsey Fink et al.* The verdict of the jury is against the defendants, and the judgment of the court rendered on the verdict is against the defendants. Can it be determined by the record, or made certain, who the defendants are? By reference to the transcript on file in the cause, the names of each and all of the defendants are to be found. The bond on file gives the names of all the defendants. This renders the judgment sufficiently certain. *Benedict* v. *Dillehunt,* 3 Scam. 287.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*