LOUIS BUETTNER

*v.*

THE NORTON AND DICKINSON MANUFACTURING COMPANY.

1. APPEAL—*defendant appealing waives defective process and service.* Where a defendant files an appeal bond, and takes an appeal from a judgment rendered by a justice of the peace, he thereby enters his appearance to the action in the circuit court, and by so doing waives all defects in the process, the want of process, and defects in the service of process or want of service before the justice.

2. SAME—*jurisdiction not dependent on return of summons by the justice.* The neglect or failure of the justice of the peace to transmit the summons issued by him to the circuit court, on appeal, with the transcript, impairs no right of the defendant, and does not deprive the circuit court of jurisdiction to try the case.

3. BILL OF EXCEPTIONS — *when necessary — presumption.* This court can not say there is any error in refusing to dismiss a suit brought before a justice of the peace for want of a bond for costs, where there is no bill of exceptions showing the grounds of the motion and the action of the court.

4. In the absence of a bill of exceptions containing the evidence, it will be presumed the testimony heard by the court was sufficient to sustain the judgment.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. THOMAS SHIRLEY, for the appellant.

Mr. L. S. HODGES, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

We perceive no ground for reversing the judgment rendered in this cause. If it be true that the summons which had been issued by the justice of the peace and served on defendant in the action (appellant here) was not on file with the transcript and other papers in the case in the circuit court, when a trial was had and the judgment rendered, the absence of such summons would not affect the jurisdiction of the court.

When a defendant files an appeal bond and takes an appeal from a judgment rendered before a justice of the peace, he thereby enters his appearance to the cause in the circuit court, and by so doing waives all defects in the process, the want of process, defects in the service of process or want of service before the justice. *Swingley* v. *Haynes*, 22 Ill. 214.

It was the duty of the justice to return the summons with the bond and transcript to the circuit court, but a failure to discharge that duty in no manner impaired any right of the defendant, nor did it deprive the circuit court of jurisdiction to hear and determine the cause on its merits. Whether the motion to dismiss the suit for the reason the plaintiff in the action had not filed a bond for costs, was improperly overruled or not, we have no means of knowing, as this record contains no bill of exceptions. The grounds of the motion and the action of the court thereon, not having been preserved by bill of exceptions, the ruling of the circuit court in this regard is not before us for review.

It is also urged the judgment is not warranted by the evidence. In the absence of a bill of exceptions containing the evidence, we will presume the testimony heard by the court was ample to sustain the judgment.

As the record contains no error, the judgment will be affirmed.

*Judgment affirmed.*