McNichols v. Hunt.

Messrs. Thomas Dent and M. L. Raftree, for appellee.

## M. McNichols
### v.
## F. T. Hunt.

*Appeal and Error—Practice.*

1.  If upon appeal from the judgment of a justice it appears that the cer-

tificate to the transcript is defective, a rule on the justice to supply a proper certificate may be obtained. It is not proper to strike out the transcript on file, though the same be imperfect, it being sufficient to give the court jurisdiction of the subject-matter.

2. There is no legal connection or repugnance between the denial of a continuance at one term, and a call for trial in the first week of the succeeding term.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. SPARLING & SURINE, for appellant.

Mr. C. J. MICHELET, for appellee.

MORAN, J. There is no merit in this appeal. Appellant commenced an attachment before a justice of the peace against appellee and obtained a judgment, which judgment said appellee appealed to the Superior Court. The record shows that a transcript was filed in the Superior Court on April 5, 1890, and the case was reached for trial on February 26, 1891. At the trial, appellant sought to have the justice's certificate to the transcript stricken out. The court denied the motion; appellant then refused to proceed with the trial of the cause, and on motion of appellee the court dismissed the suit.

It is contended that the court could not proceed to try the case because the transcript was defective. If there was any defect in the certificate, appellant might have obtained a rule on the justice to supply a proper certificate. It would not be proper for the court to strike out the transcript on file. The objections to it were merely technical and it was sufficient to give the court jurisdiction of the subject-matter. Fink v. Disbrow, 69 Ill. 76; Buettner v. The Norton & Dickinson Manufacturing Co., 90 Ill. 415.

There was no error in the action of the court, and the judgment must be affirmed.

*Judgment affirmed.*

McNichols v. Hunt.

[ *Upon petition for rehearing, opinion filed March 29, 1892.*]

GARY, J. On petition by appellant for rehearing, our attention is called to the fact that the former opinion omits to notice the point made by him, that the " papers " of the case before the justice had not been on file ten days before the first day of the term at which the case was disposed of.

The facts are these: The papers were filed February 26, 1891. On that day the appellant moved the court to strike the cause from the calendar, and continue it for that, among other reasons. The court denied the motion and the appellant excepted. But in fact the cause was continued, under the general provision of the statute as to " causes and proceedings pending." Sec. 56, Chap. 37, Ill. Stats., "Courts."

The March term commenced Monday, March 2d. On the 4th, the case was called for trial, and although the same cause (whether good or bad we do not need to say) for a continuance then existed as to the March term which the week before applied to the February term, yet the appellant did not ask for any delay, but moved only to strike out a certificate made upon the papers by the justice after they had been filed in court. This the court refused. As leave might have been given to make that certificate, there was no reason to strike it out. If the court felt its dignity trenched upon, the appellant was not concerned.

The appellant refused to try his case, and did not ask for a continuance; the court had no alternative, and dismissed it on motion of the appellee.

This court has no judicial knowledge of the size of the docket of the Superior Court. The call at the March term may, for aught we know, have begun at number one, and reached this case on the third day of the term. There is no legal connection, or repugnance, between the denial of a continuance at the February term, and a call for trial in the first week of the March term.

*Rehearing denied.*