## Metropole Building and Turkish Bath Co. v. The Garden City Fan Co.

1.  BY-LAWS—*Not Binding upon Whom*.—A person not a member of a corporation, in contracting with it, is not bound to take notice of its by-laws concerning the making of contracts and the incurring of obligations.

2.  CORPORATIONS—*Authority of Officer to Bind*.—A contract made by a corporation was signed by its vice president (when the president was in town), and to his signature he affixed the title of president.  *Held*, the question is not what authority the vice president actually had under the by-laws, but with what authority was he apparently clothed.

Memorandum.—Assumpsit.    Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.    Heard in this court at the October term, 1893, and affirmed, GARY, J., dissenting. Opinion filed February 13, 1894.

The statement of facts is contained in the opinion of the court.

OLIVER & SHOWALTER, attorneys for appellant.

CRATTY BROS. & JARVIS, attorneys for appellee.

OPINION OF THE COURT, WATERMAN, J.

This was an action to recover the price of a steam engine and other machinery supplied to and placed in the building of appellant in Chicago. Appellant was the owner of a large hotel, which had been leased to another company for a term of years.

One George F. Miller was the vice president of appellant, and had let most of the contracts and approved most of the bills made in the building of its hotel.

One Kennett was the president of appellant.

Appellant's hotel was leased to the Metropole Hotel Company, of which Miller was president.

A new ventilating fan and an engine to run the same being needed in the hotel, Mr. Miller spoke to Mr. Kennett about this. Kennett testified concerning this as follows :

" He came into my office and he says, ' We will have to put some fittings into the kitchen, in order to render that part of the hotel fit for occupancy, and also have to put in a ventilating apparatus to prevent the smell of the kitchen penetrating into the upper floors of the hotel.' I asked him what it would cost. He said he thought he could get it done for a thousand dollars. He said the ventilating would cost about $500, and the kitchen fittings and fixtures $500. I authorized him to go ahead on that basis and have it done. This was prior to his becoming a tenant, you understand, prior to his becoming the tenant of the hotel. Some time after, he came in and informed me the Garden City—the Chicago Nickel Works were figuring on the work and would make a contract, and they did make a contract, which I have, and they have sued on that contract. Miller claimed that the ventilating apparatus would not work, and without our knowledge or consent, he took it out and incurred this bill of seven or eight hundred dollars."

Miller testified as follows: " I made the contract with

the Nickel Works to put in a fan that would ventilate the kitchen, under a guarantee that it would ventilate it, just previous to the opening of the hotel, some time in September, 1891, I think. It was before the Hotel Metropole Company went into possession. They put in an apparatus. After it had been in several months, it did not prove satisfactory. I ordered it out and put one in its place, and made a contract with these people to put this in to take the place of the one I originally put in, as the first one did not fulfill the contract. That is all there is to this whole thing."

A written contract was entered into between appellant and appellee for the doing of the work for which this suit was brought. Miller signed appellant's name thereto, by himself, as "president;" he was then vice president, and Kennett, the president, was in town. Miller says that, by mistake, he put opposite his name "president," instead of vice president.

The machinery furnished by appellee gave good satisfaction and is now in the hotel.

The jury found a verdict for appellee, and there was judgment thereon for $704.90.

We see no sufficient reason for reversing the conclusion of the court and jury, before whom this cause was tried.

Appellee was not bound to take notice of appellant's by-laws concerning the making of contracts and the incurring of obligations. Cook on Corporation Law, Secs. 723, 724-727.

The question is not what authority Miller actually had under the by-laws, but with what authority was he apparently clothed. Mechem on Agency, Sec. 279.

He had been permitted to act for this company in letting most of the contracts and approving most of the bills for this great hotel, and he had been directly authorized by appellant's president to have put in a ventilating apparatus costing about five hundred dollars. This meant an apparatus that would ventilate—do what was required of it— work to reasonable satisfaction. He ordered one of the Nickel Works; it proved a failure. We do not think that

thereby his authority was exhausted. The permission given to him was to do more than merely try an apparatus. Mechem on Agency, Sec. 311.

The Nickel Works put in a ventilator under a guaranty that it would ventilate. It was a failure, and Miller ordered it out and took from appellee a contract to put in machinery that would ventilate; this appellee did.

We do not regard it as material that appellant had, when the contract with appellee was made, leased its hotel to another company, under an agreement that it was to keep it and all things therein in good order. Appellee knew nothing about the arrangements between appellant and the other company; there is no imputation upon the good faith of appellee.

Nor is the fact that appellant has been sued by the Nickel Works material. It is defending that litigation, and apparently has a good defense.

If Miller exceeded his apparent authority and has involved appellant in liability which he should discharge, when it has paid the judgment in this case it will have a cause of action against him.

The judgment of the Superior Court will be affirmed.

GARY, J., dissents.

OPINION OF THE COURT ON REHEARING, WATERMAN, J.

In a petition for rehearing filed in this case, attention is called to the fact that appellee having addressed a proposal to do the work for which this suit is brought to. "Metropole Building and Turkish Bath Co., 2301 Michigan avenue, City," the acceptance of this proposal was as follows :

" Accepted, subject to my approval.

GEO. S. MILLER, Pres't.,

Metropole Building & Turkish Bath Co."

This, it is urged, was not an acceptance, and did not make a contract by the company. We regard this instrument as showing a contract by appellant. New Market Savings Bank v. Gillett, 100 Ill. 260; Scanlan v. Keith, 102

Ill. 634; Mechem on Agency, Sec. 436; Cook on Stock and Stockholders, Secs. 723 and 724.

The contention that Miller did not sign for appellant, but added to his name the words " Prest., Metropole Building and Turkish Bath Co.," as a mere description of himself, is to suppose him to have acted, not only most absurdly, but in such a manner as that no contract at all was made, which is opposed to all the evidence. A proposal to appellant would not become a contract by an acceptance by Miller personally, or an acceptance by any one, save the corporation to which it was addressed. Whether as between appellant and its lessee, appellant was bound to put in or pay for the ventilator, is a question which has never been presented to this court.

We think that the evidence sustains the conclusion of the Superior Court that Miller did not exceed the authority which he apparently had to accept for appellant the proposal made to it by appellee. The petition for a rehearing is denied.