63    233
114    ¹504

# Cleveland, C., C. & St. L. R. R. Co. v. Benjamin F. Bruce, Adm'r.

1. RAILROADS—*Rights of Persons About to Cross the Track.—Contributory Negligence.*—A person approaching a railroad crossing and about to cross the track has a right to rely upon the presumption that the company will perform its duty of giving the signal required of it by law when its trains are approaching the crossings of a public highway, and is not guilty of contributory negligence if he fails to look for an approaching train.

2. INSTRUCTIONS—*Error in, When not Reversible.*—An error in an instruction which is not prejudicial to the rights of the adverse party is not sufficient cause for reversal.

3. PRACTICE—*When Objection Must be Specific.*—When an objection to the admission of evidence is of such a character that it may be removed by further proof, it must be stated specifically at the time the evidence is offered.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

C. S. CONGER, attorney for appellant.

PARISH & WILLIFORD, and PARISH & PARISH, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee, as administrator, to recover damages under the provisions of the statute for the death of his intestate, averred to have been caused by the negligence of appellant's servants in operating its locomotive and train, and in failing to ring the bell or sound the whistle on the engine as required by the statute. And in one count it is averred that the president and board of trustees of the village of Norris City did in 1884, ordain, pass and publish, among other village laws and ordinances, the following :

" ARTICLE 15.   RAILROADS, ETC.—*Be it ordained by the President and Board of Trustees of the Village of Norris City:*

SECTION 1.   That no railroad corporation shall, by itself or agents, run any train, locomotive engine or car, within the limits of the Village of Norris City at a greater rate of speed than ten miles per hour.

SEC. 3.   Every railroad corporation, engineer or other person, violating the provisions of sections one and two of this article, shall upon conviction be fined not less than five dollars, nor more than twenty-five dollars."

And that defendant, in violation of said ordinance, at and within the limits of said village, run and drove its said locomotive engine at a greater rate of speed than was allowable under said ordinance, to wit, at the rate of thirty miles per hour, and was running or driving said engine at that high and dangerous rate of speed at the time said intestate was struck and injured by said engine, and thereby then and there killed.

Issue was joined and the jury found defendant guilty and assessed plaintiff's damages at $1,000.   Defendant's motion for a new trial was denied, and judgment was entered for plaintiff for the damages so assessed and costs.   To reverse this judgment defendant took this appeal.

The appellant, in the argument on its behalf, relies upon the following points for reversal :   1st.   That deceased was guilty of such contributory negligence, by failing to look for an approaching train when attempting to cross the track of defendant, as would bar plaintiff's right to recover.   The engine which struck deceased had been detached from its freight train nearly a mile northeast of the crossing where deceased was struck.   It was running down grade at a very rapid rate of speed, double the rate allowed by the ordinance if witnesses testified truthfully, and without sounding the whistle or ringing the bell to announce its approach, or give warning thereof, to persons about to cross the track.

Running in this manner, as is shown by the preponderance of the evidence, into the crossing of two of the prin-

ciple business streets of the village, the beam on the front end of the engine struck the deceased as he was about to cross the east rail of the track, and his death resulted from the injury thereby occasioned. He was going east to his home in the village, along a public street, and the view of the approaching engine was obscured by obstructions that would have prevented him from seeing it if he had been looking for it as he approached the track. He was not apprised of its approach by either of the statutory signals, and knew, or is presumed to have known, the law required appellant to cause the bell to be rung or the whistle to be sounded on the engine, and knowing that to be its duty, he had the right to rely upon its performance.

Hearing no such signal, the attention of deceased was not attracted to his peril, and the jury had the right to find, in view of all the circumstances in evidence, that deceased was not guilty of contributory negligence, in the respect as contended for on behalf of appellant. St. L., V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; C., C., C. & St. L. Ry. Co. v. Baddeley, 150 Ill. 328; C. & A. R. R. Co. v. Sanders, 154 Ill. 531.

2d. It is insisted the court erred in giving instructions three and four for plaintiff, and in refusing to give certain instructions as requested by defendant below. The objection made to said instructions given for plaintiff is that the jury in respect of the measure of damages to be assessed, were instructed to assess the same at such sum as from all the evidence they should deem a fair and just compensation with reference to the pecuniary injuries resulting to the widow and next of kin of the deceased. The words " next of kin of deceased," are the words objected to, because, in the declaration, no claim is made for any one but the widow, who is averred to have been deprived of her means of support, and by the insertion of the words objected to, the jury were authorized not only to compensate the widow, but also include in such compensation the children of the deceased, who had not been injured, nor suffered pecuniary loss by his death. The instructions were not accurately correct, but it

is not shown or claimed that the damages assessed were excessive, and it is only upon the question of the amount thereof that the appellant could have been prejudiced by the instructions. No injury in this regard is perceived by us.

The 3d and 4th refused instructions requested to be given on behalf of defendant were properly refused. The instructions given on its behalf fully informed the jury of the necessity of the exercise of ordinary care and prudence by deceased as a condition precedent to the right of recovery. The refusal of the court to give the jury an instruction, " that before they could give any force or effect to the ordinance offered in evidence, they must believe from the evidence that such ordinance was in force at the time of the alleged injury," is the remaining error complained of.

As before stated, one count of the declaration sets up an ordinance of the village, passed in 1884, and avers the violation of sections thereof in running the engine within the limits of the village at a greater rate of speed than was by said ordinance allowed, and avers that thereby the injury to, and death of deceased resulted. In support of this count, as shown by the record, plaintiff offered in evidence said sections 1 and 3 of article 15 of the ordinances of said village. Defendant objected and especially excepted to the reading of section 3, of article 15, for the reason it had nothing to do with the case, and is misleading.

Section 1 forbade the running of any engine at a greater rate of speed, within the limits of the village, than ten miles an hour, and section 3 provided the penalty for violating section 1.

It will be observed that no specific objection was made to the reading of section 1, on the ground the ordinance was not published in pamphlet form, or was not in force and effect at the date of the accident, but it was a general objection. The objection, if of a character that may be removed by further proof and must be stated specifically, and this is not done at the time the evidence is offered, it is too late afterward in a court of review to object to its ad-

mission.   Doyle v. Village of Bradford, 90 Ill. 415; L., N., A. & C. Ry. Co. v. Shives, 108 Ill. 628; C. & E. R. R. Co. v. People, 120 Ill. 671.

Having admitted section 1 in evidence, over a general objection, the court did not err in refusing to give said last mentioned refused instruction.

We are satisfied the jury were warranted by the evidence in finding the verdict they returned, and no sufficient reason appears for the reversal of the judgment.  It is therefore affirmed.