## Chicago Junction Railway Company v. John McAnrow, Administrator, etc.

### Gen. No. 11,202.

1. OWNERSHIP OF TRACKS—*when proof of, not essential.* Notwithstanding the declaration in an action on the case for death caused by alleged wrongful act may allege that the defendant owned certain railroad tracks, yet proof of such allegation is not necessary where it appears from the evidence that such tracks were in the possession of the defendant, and were operated by it.

2. PRESUMPTION—*where evidence in possession of party is withheld.* Weak evidence becomes strong by the neglect of the party against whom it is put in, in not showing, by means within the easy control of that party, that the conclusion drawn from such evidence is untrue.

3. LOOK AND LISTEN—*rule of.* Whether the failure of one about to cross a railroad track, to look and listen for an approaching train or car, amounts to and is negligence, depends upon the facts, conditions and circumstances.

4. FAILURE TO WARN—*when, ground for recovery.* Where one meets his death while passing over a crossing, which he had been in the habit of passing over for a long time previously, and was familiar with the custom of the flagman of the defendant stationed there to give notice of approaching trains, his personal representative is entitled to recover where, when such person approached the crossing, the flagman was at his post, with his flag in his hand, and he had a right to rely upon the presence of such flagman and his failure to warn him of an approaching train as a notice to him that no train was close at hand, and as an invitation to make the crossing in safety, so far as an approaching train was concerned.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 17, 1904.

**Statement by the Court.** Nine railroad tracks, running a little east of south, cross Western avenue, a north and south street, north of Thirty-ninth street. On the west side of Western avenue is a sidewalk. On the west side of this sidewalk, north of the railroad tracks, is a shed or fence known as "the high board fence," the south end of which is but a short distance north of the railroad. East of the sidewalk and north of and near to the north track is a small building known as the "watch house."

The first track from the north is a switch track. The second is the first main track, the third the second, and the fourth the third main track. The distance from the south end of "the high board fence" to the north rail of the first main track, measured on the west line of the sidewalk, is fifty-two feet. The distance from the same point to the north rail of the second main track, measured on the west line of the sidewalk, is seventy-three feet. A switch track which leaves the first main track a short distance west of Western avenue and runs more westerly than the main tracks leads into the second main track directly west of "the high board fence." A switch track parallel with the other leaves the second main track just west of Western avenue and leads into the third main track at a point west of the south end of "the high board fence."

Patrick Curran was on the sidewalk in front of "the high board fence." He walked south, stopped and talked with a friend opposite the watch house, proceeded south on the sidewalk, crossed the switch track and the first main track, and as he stepped upon the second main track was struck by an Illinois Central engine and killed. Appellee, his administrator, recovered a judgment for $5,000 against appellant for wrongfully causing his death, from which this appeal is prosecuted.

WINSTON, STRAWN & SHAW, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The declaration alleged that defendant owned, operated and possessed the railroad tracks upon which the engine ran which killed Curran. Appellant insists that as the evidence shows only that appellant was in the possession of and operating said tracks, but not that it was the owner of them, the judgment must be reversed. We do not think that the plaintiff was bound to prove ownership of appellant, although it was as averred, but that proof of possession and operation of the tracks was sufficient.

The declaration charged *inter alia*, as negligence, the failure of the flagman of defendant to warn the deceased of the approach of the train. It appears from the evidence that on the day of the accident there were, and for a long time before, had been, upon the crossing two flagmen, and the station of one of them was and had been on the north side of the tracks. It is contended that this flagman was not the servant of the appellant and therefore his negligence, if he was negligent, was not the negligence of appellant. We think the evidence sufficient to show that this flagman was the servant of appellant, and appellant offered no evidence to show that he was not its servant. "Weak evidence becomes strong by the neglect of the party against whom it is put in, in not showing by means within the easy control of that party, that the conclusion drawn from such evidence is untrue." P., Ft. W. & C. Ry. Co. v. Callaghan, 50 Ill. App. 681. This flagman testified that at the time of the accident he stood between the first and second main tracks just east of the center of Western avenue; that he had a flag in his hand but was looking south; did not see Curran approaching, and made no effort to warn him of the coming train; there was no gate at the crossing. At the time of day that Curran was killed sixty trains per hour passed over the crossing, three-fourths of them on the four northern main tracks. From this and other evidence in the record, we think the jury were warranted in finding that the failure of the flagman to warn Curran of the approach of the train was negligence of the appellant which contributed to the injury and death of Patrick Curran.

The question remains whether the deceased was guilty of contributory negligence. Whether the failure of one about to cross a railroad track, to look and listen for an approaching car or train, amounts to and is negligence, depends upon the facts, conditions and circumstances. In Boyle v. I. C. R. R. Co., 88 Ill. App. 255, we said (p. 260): "While a failure to look if a train is approaching is not in law negligence *per se*, it is negligence in fact, if there are

no conditions or circumstances which excuse such looking. And a jury without evidence of the conditions or circumstances which excuse looking, when looking would disclose the danger, is not warranted in finding that such failure to look is not negligence." The verdict involves a finding that the deceased exercised ordinary care, and that finding involves a finding, that in the facts, conditions and circumstances shown by the evidence the jury might properly find sufficient excuse for the failure of the deceased to look or listen for a coming train before going upon the track. The flagman who was on the north side of the crossing on the day of the accident had been stationed there for years and during that time the deceased had passed over the crossing several times a day and was familiar with the custom of the flagman to give notice of approaching trains. When the deceased came to the crossing, the flagman was at his post, with his flag in his hand, and we think deceased had quite as much right to rely upon the presence of the flagman and his failure to warn him of an approaching train, as a notice to him that no train was close at hand, and as an invitation to make the crossing in safety so far as an approaching train was concerned, as the plaintiff in C. & A. R. R. Co. v. Redmond, 70 Ill. App. 119, had to rely upon open crossing-gates as such notice and invitation. C., R. I. & P. Ry. Co. v. Clough, 134 Ill. 586; C., C., C. & St. L. R. R. Co. v. Bruce, Ad., 63 Ill. App. 233; St. L., V. & T. H. R. R. Co. v. Dunn, Ad., 78 Ill. 200; C. & A. R. R. Co. v. Lewandowski, 190 Ill. 301.

A short time before the accident, probably while the deceased was near the watch house, a Burlington train passed over the crossing on the first main track, crossed on the switch to the second main track and passed north on that track. The Illinois Central train crossed from the third to the second main track on a switch just south of the one over which the Burlington train crossed from the first to the second main track and then went south on the second main track, the same track the Burlington train went north on. About the same time

a Baltimore and Ohio train passed north over the crossing on a track farther south. The second main track ran only a little east of south; the deceased was walking south and so the Illinois Central train came practically from behind him as it approached the crossing. No doubt if he had looked to the north and west just before he went upon the second main track and after the Illinois Central train had left the third track to cross over to the second, he would have seen the danger, but we cannot say under the evidence in this record, that the jury were not warranted in finding in the facts, conditions and circumstances, sufficient excuse for the failure of the deceased to look or listen before going upon the track where he lost his life.

The judgment of the Superior Court will be affirmed.

*Affirmed.*