### Will J. Block Amusement Company et al. v. Paul T. Case.

#### Gen. No. 13,628.

APPEALS AND ERRORS—*what essential to jurisdiction of appeal taken from justice of peace.* The transcript of the justice is essential to the jurisdiction of the Circuit Court to hear and determine an appeal taken from such justice.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed and remanded. Opinion filed February 14, 1908.

**Statement by the Court.** Appellee recovered a judgment for $56.50 in the Circuit Court on an appeal from the judgment of a justice of the peace. When such appeal was taken an appeal bond in the usual form was filed in the office of the Clerk of the Circuit Court which recites in substance that appellants are held and firmly bound to appellee in the penal sum of $100, the condition being that whereas appellee recovered a judgment before the justice against appellants for the sum of $56.00 and appellants have appealed to the Circuit Court from such judgment, if appellants shall prosecute the appeal with effect or otherwise pay the judgment the obligation shall be void. Thereupon a writ of supersedeas issued to the justice, which was returned by the sheriff duly served on the justice. Appellee thereafter entered his appearance, and subsequently the cause went to trial in the Circuit Court, and judgment was entered against appellants, from which the latter prosecute this appeal.

HARRY J. LURIE, for appellants; HERMAN FRANK, of counsel.

THEODORE G. CASE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

As ground for reversal it is urged that the court had no jurisdiction to proceed with the trial in the absence of a transcript of the proceedings before the justice. The objection is well taken. No transcript appears in the record nor is it claimed that any was ever filed. The statute provides that the justice shall return all the papers "and a transcript of his docket in the case to the clerk of the court to which the appeal is taken, with a certificate under his hand that said transcript and papers contain a full and perfect statement of all the proceedings before him." R. S., chapter 79, section 115. Without such a transcript the Circuit Court had no jurisdiction of the subject-matter and, even though it had jurisdiction of the parties, was without authority to enter judgment until there was a transcript on file. Such has been the law in this State for many years (Reed v. Driscoll, 84 Ill., 96–98) and the statute still requires the justice on appeal from his judgment to return such transcript to the Clerk of the Circuit Court. "Proceedings in the Circuit Court are based on the transcript and it has uniformly been held that without a transcript of the proceedings before the justice the Circuit Court has no jurisdiction of the subject-matter." Demilly v. Grosrenaud, 201 Ill., 272–274. That the Circuit Court was without jurisdiction of the subject-matter "was an objection that could not be waived." *Idem.* It was therefore unnecessary for appellants in that case to raise the objection in said Circuit Court. In Jarrett v. Phillips, 90 Ill., 237, there was an objection that the transcript "was not filed ten days before the commencement of the term of court to which the appeal was taken," and it was held that the failure to file the transcript in the time required by the statute was not essential to the jurisdiction and could be waived, the transcript apparently having been on file when the parties voluntarily submitted

to trial.   Otherwise it is said the court would have had no jurisdiction under the decision in Hayward v. Ramsey, 74 Ill., 372.   In Hanchett v. Williams, 24 Ill. App., 56–58, cited by appellee, the objection was "to the insufficiency of the transcript," not that there was no transcript as in the case at bar.   There is a concluding sentence in that opinion to the effect that where the parties appear and try the cause on the merits without objection "the court will have jurisdiction without a transcript."   This is to be read in the light of the facts in that case.   Otherwise it would be mere dictum and erroneous.   We are unable to concur with what is said in Schmitt v. Hines Lumber Co., 124 Ill. App., 319–322, in view of what is said in Demilly v. Grosrenaud, *supra.*

The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*