Siegfried Rosenberg et al., Defendants in Error, v. Nicholas J. Pritzker, Plaintiff in Error.

## Gen. No. 14,610.

1.  JUSTICE OF THE PEACE—*what does not affect jurisdiction of circuit court upon appeal from.* If an appeal has been duly perfected before a justice of the peace the fact that he does not file the papers in the circuit or superior court for upwards of nine years does not affect the jurisdiction of such court when such justice does so file them; and when the appeal is dismissed by such court the judgment of such justice becomes effective for purposes of enforcement.

2.  JUSTICE OF THE PEACE—*when defective transcript confers jurisdiction of appeal.* A transcript bearing a date antecedent to the filing of the appeal bond though defective is, in the absence of objection thereto, sufficient to confer jurisdiction upon the circuit or superior court to dispose of the appeal perfected.

3.  STATUTE OF LIMITATIONS—*when seven-year statute applying to justice's judgment tolled.* If an appeal bond has been duly filed with the justice rendering the judgment, the running of the statute is tolled until the final disposition of such appeal.

Action commenced before justice of the peace. Error to the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

LOUIS GREENBERG, for plaintiff in error.

WOLFSOHN & WALLBRUNN, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Defendant by the writ of error sued out in this cause

seeks a reversal of a judgment of the Superior Court entered February 24, 1908, dismissing his appeal from a judgment of a justice of the peace for Cook county for want of prosecution with *procedendo* and awarding statutory damages in the sum of $12.88 for delay, together with costs.

The facts in brief are: Plaintiffs recovered a judgment February 15, 1898, against defendant for $128.80 and costs before a justice of the peace for Cook county. He perfected an appeal from that judgment to the Superior Court by filing with the justice an appeal bond with surety, dated March 4, 1898, which the justice approved. The justice failed to file the appeal bond with a transcript in the clerk's office of the Superior Court promptly, as required by statute, but delayed until October 22, 1907. The cause was in due course called for trial and defendant failing to appear the judgment under review was rendered by default.

Two errors are assigned for reversal: First, the court was without jurisdiction to entertain the appeal, because 9 years, 8 months and 7 days elapsed between the filing of the appeal bond with the justice and its filing in the clerk's office of the trial court; second, the transcript was so defective as to be insufficient to support the judgment.

First. The appeal of defendant from the justice to the Superior Court was perfected when the bond was filed and approved by the justice who rendered the judgment appealed from. The law cast no duty on plaintiff in relation to that appeal. Where there is no duty there can be no *laches*. While primarily it was the duty of the justice to file the bond with a transcript seasonably and thereby perfect the appeal, yet it being defendant's appeal it was for him to see that the proper steps were taken by the justice to bring the case into the jurisdiction of the court to which the appeal had been prayed and granted. While it is true plaintiffs could have coerced the justice into doing his duty by compelling him to file the bond and transcript, yet failure to avail of a power at their command did not deprive them of any legal right. It is a strange doctrine indeed that is here attempted to be invoked, and while it has the merit of novelty it

has none other.  The logical result of defendant's contention is that the utter failure of defendant to prosecute his appeal in the manner prescribed by the statute results in the extinction of the judgment, and in that way defendant profits through his failure to do that which the law cast upon him and which he bound himself by the terms of his appeal bond to do.  The justice in perfecting the appeal was but the agent of defendant, and if he was guilty of *laches,* such *laches* is imputable to defendant and not to plaintiffs.  The failure of plaintiffs to exercise their power of coercion in compelling defendant to perfect his appeal can in no way be construed as an abandonment of the judgment or militate against any of their rights.  The appeal being perfected by the filing of the appeal bond, it was defendant's duty to prosecute the appeal as provided by the statute, and to not only cause the appeal to be docketed in the Superior Court, but to follow it in all of its subsequent stages.  From the time of the filing of the appeal bond until the final disposition of the appeal by the Superior Court, the seven year statute of limitation was arrested.  The docketing of the case in the Superior Court was not essential to arrest the running of the statute.  The negligence of the justice in failing to file the bond in the Superior Court within the statutory time did not defeat the appeal.  Beardsley v. Hill, 61 Ill. 354; Boyd v. Kocher, 31 *ib.* 295.  While it is true that a cause cannot be said to be pending in a court until it is docketed so that the court has jurisdiction to enter an order in the case, still such rule in no way affects the fact that an appeal perfected by filing a bond with the justice stays all further proceedings before the justice until final disposition of such appeal.

Second.  The transcript of the justice was defective in that it was certified as of a date one month prior to filing the appeal bond.  The transcript in appeal cases takes the place of a declaration in an original case and vests the court with jurisdiction of the subject-matter of the cause.  While the transcript was defective in the particular mentioned, it was sufficient, unobjected to, to give the court jurisdiction to

enter the judgment it did. On motion the court would have ordered the defect to be remedied. Fink v. Disbrow, 69 Ill. 76; McNichols v. Hunt, 43 Ill. App. 451. But failure to move the court did not affect its jurisdiction, which the filing of the transcript, though defective, gave it. This principle clearly appears in Maple v. Havenhill, 37 Ill. App. 311. The court having jurisdiction, the judgment was not void. The transcript though defective was sufficient to serve as plaintiffs' pleading for jurisdictional purposes, and the court having jurisdiction of the person of defendant and the subject-matter of the appeal, and defendant having failed to appear and defend when the case was called for trial, he cannot be heard to complain on review as to any formal defect in the proceedings. Defendant could avail of nothing but a lack of jurisdiction rendering the judgment void. The Superior Court having jurisdiction to enter the judgment under review, its judgment is affirmed.

*Affirmed.*