### Joseph Gebke, Appellee, v. R. L. Wilson et al., Appellants.

### Gen. No. 5545.

1. APPEALS AND ERRORS—*effect of failure of justice to return summons etc.* While it is the duty of a justice of the peace to return the summons and other papers with the bond and transcript to the Circuit Court a failure to discharge that duty does not deprive that court of jurisdiction to hear and determine the case on its merits.

2. JUSTICES OF THE PEACE—*function of transcript of justice on appeal.* The justice's transcript performs the office of the declaration in original suits in courts of record.

Action commenced before justice of the peace. Appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

SHEEN & DAVID, for appellants.

ROBERT N. MCCORMICK, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellee sued appellants before a justice of the

peace of Peoria county, and on October 6, 1910, appellants obtained a judgment against him. The case was appealed to the Circuit Court of said county. On March 13, 1911, the case was set for trial the following day. When reached on the call a jury was impaneled, the evidence heard in the absence of appellants and their counsel, and on the direction of the court, the jury returned a verdict for appellee. Judgment was entered thereon March 16, 1911. March 31, 1911, appellants made a motion supported by affidavits to vacate the judgment, set aside the verdict and grant a new trial. The court overruled the motion. Appellants excepted and perfected this appeal.

The only assignments of error based on the suggestions made in the affidavits that we deem necessary to consider are: that the court lacked jurisdiction to hear the case at the March term, 1911, because the justice summons and certain other papers were not filed with the clerk of the Circuit Court 10 days before the first day of that term; that neither appellants nor their counsel knew that the case was set for trial until after judgment was entered.

In the matter of such appeals the proceedings in the Circuit Court are based on the transcript. Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477.

The transcript of the proceedings before the justice filed with the clerk of the Circuit Court October 26, 1910, showed that the judgment was entered October 6, 1910, and contained the following: "Bond filed and case appealed to the Circuit Court Oct. 15, 1910." The justice's certificate stated that the transcript was true and correct and that the papers accompanying it contained a full and perfect statement of all the proceedings before him. If any of the papers used on the trial before the justice were not filed in the Circuit Court, or if any in the possession of the clerk were not marked filed, appellants could, on motion, have obtained a rule on the justice to send up such papers or on the clerk to file them if in his possession. The only

paper not filed in the Circuit Court that could possibly bear any importance on the question of its jurisdiction would be the summons issued by the justice and a return thereon, showing his original jurisdiction over appellants. The transcript shows that the justice issued a summons and that it was duly served on appellants and the affidavits show that they appeared before the justice and a trial was had on the merits. While it was the duty of the justice to return the summons and other papers with the bond and transcript to the Circuit Court, the failure to discharge that duty did not deprive the court of jurisdiction to hear and determine the case on its merits. Buettner v. Norton Mfg. Co., 90 Ill. 415; McNichols v. Hunt, 43 Ill. App. 451. It would be absurd to say that the appealing party should lose his rights and the Appellate Court be ousted of jurisdiction on account of the negligence or ignorance of a justice of the peace in failing to send up all the necessary papers, or the negligence of the clerk in failing to mark them filed, if they were sent up.

The justice's transcript performs the office of the declaration in original suits in courts of record. Reed v. Driscoll, *supra;* McGillen v. Wolff, 83 Ill. App. 227. The requirement that it should be filed ten days before the first day of the term of court at which the case shall stand for trial is in strict analogy with the practice in courts of record which requires declarations to be filed 10 days before the first day of the term at which judgment may be applied for. As before stated, the transcript was filed on October 26, 1910, and the trial was had March 14, 1911, at a term beginning more than 10 days after the filing of the transcript. It was the duty of appellants, and they were bound, in law, to take notice of the fact that appellee had filed his bond with the justice of the peace, and they were bound to follow the appeal to the Circuit Court. The law required no summons or notice to be served on them that

an appeal had been taken. Boyd v. Kocher, 31 Ill. 295; Allen v. City of Monmouth, 37 Ill. 373; Fink v. Disbrow, 69 Ill. 76.

The order of the Circuit Court, overruling the motion, is approved and the judgment affirmed.

*Affirmed.*