Joe Bevilauqua, Plaintiff in Error, v. City of Taylorville, Defendant in Error.

Gen. No. 8,626.

Opinion filed May 8, 1933.

CARL H. PREIHS, for plaintiff in error; HARRY B. HERSHEY and C. J. VOGELSANG, of counsel.

LEAL W. REESE and DAVID W. JOHNSTON, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a writ of error directed to the county court of Christian county, for the purpose of reviewing the trial and judgment of the county court upon an ap-

peal to that court from a justice of the peace, the case being originally started in the justice of the peace court and appealed by the City of Taylorville to the county court, growing out of an alleged violation of an ordinance designed for the purpose of preventing gaming houses from being operated in that city.

Numerous errors are alleged, but the error which is specially urged in this court is that the court was without jurisdiction to hear the case for the reason that the appeal was not perfected, and the transcript from the justice of the peace was not filed with the clerk of the county court 10 days prior to the convening of the October Term, A. D. 1931, of said county court.

The record shows that the transcript from the justice of the peace was filed in the county court October 8, 1931. The opening of the October Term, A. D. 1931, of the county court of Christian county occurred on October 12, 1931, only four days after the filing of said transcript.

On October 19, 1931, in said court, the defendant in error moved for trial of said cause and plaintiff in error objected and moved for a continuance of the cause, which motion the court overruled, to which ruling plaintiff in error took an exception. The cause was tried, resulting in a verdict and judgment against plaintiff in error, and he has brought the record to this court by writ of error for review.

In the opinion of this court it was error in not granting plaintiff in error's motion for a continuance, inasmuch as the transcript had not been filed in said court 10 days or more before the first day of the term to which it was called for trial, and the court had no jurisdiction of said cause at that term, under the statute.

It was provided that the law terms of the county court of Christian county shall commence on the sec-

ond Monday of the months of April, June, October and December.

Originally, section 68 of chapter 79 of the Revised Statutes (Cahill's St. ch. 79, ¶ 178), provided as follows:

"In case the appeal from the justice of the peace is perfected by filing the papers and transcript of judgment ten days before the commencement of the term of court to which the appeal is taken, the appearance of the appellee may be entered in writing and filed among the papers in the case; and if so entered ten days before the first day of the term of court, the case shall stand for trial at that term."

Unless an appeal is perfected by filing transcript ten days before the term of court begins, the cause must be continued to the next term.

It is argued that this language was omitted from the amendments of 1895 and 1919, and that it is no longer the law as to appeals from justices of the peace. This subject was argued fully in *McGillen v. Wolff*, 83 Ill. App. 227, and it was held that said section 68 was not repealed. The court said (page 230):

"Now add to and read with what has just been quoted, section 68 before quoted, and it is perfectly plain that there is no repugnance between the two. On the other hand the two together are perfectly consistent, and establish a complete and harmonious rule of practice.

"The justice's transcript performs the office of the declaration in original suits in courts of record (*Reed v. Driscoll, supra*), and the requirement that it shall be filed ten days before the first day of the term of court at which the case shall stand for trial, is in strict analogy with the practice in courts of record, which requires declarations to be filed ten days before the first day of the term at which judgment may be applied for.

"The act of 1895 containing no repealing clause, either particular or general, we have no hesitation in holding that section 68 of the act of 1872 remains in full force and is to be read and considered in connection with Sec. 1, Art. X, of the act of 1895."

To the same effect, substantially, the rule is laid down in *Reed v. Driscoll,* 84 Ill. 96; *Black Amusement Co. v. Case,* 139 Ill. App. 73; *Gebke v. Wilson,* 168 Ill. App. 341; *McPike v. Luer,* 230 Ill. App. 271, and is in conformity with the various sections of the Practice Act.

Other errors are pointed out. It was error, under the proofs submitted, for the court to instruct the jury to find a verdict against the plaintiff in error. Under the terms of the ordinance and the proofs, the jury could only have found plaintiff in error guilty of "keeping tables or other apparatus for the purpose of playing at any game or sport for money or any other valuable thing," which facts could only be found by the jury from the evidence, facts and circumstances proven in the case.

A motion is submitted by defendant in error to strike certain affidavits from the bill of exceptions, which was taken with the case, and this motion should be sustained.

For the reasons stated, the judgment of the county court of Christian county is reversed and the cause remanded for another trial.

*Reversed and remanded.*